No. 2-07-0475     Filed:  8-9-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 05--CF--2819 |
| DERRICK BURNS, | ) ) ) | Honorable Timothy Q. Sheldon, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the opinion of the court:

In May 2006, pursuant to an agreement with the State, the defendant, Derrick Burns, pleaded guilty to armed robbery (720 ILCS 5/18--2(a)(2) (West 2004)) and home invasion (720 ILCS 5/12--11(a)(3) (West 2004)).  In exchange for his plea, the defendant was sentenced to concurrent 21-year prison terms and other charges were nol-prossed.  The defendant did not move to withdraw his plea and did not appeal from his convictions.  However, the following July, the defendant filed a pro se petition ostensibly seeking relief pursuant to both section 2--1401 of the Code of Civil Procedure (735 ILCS 5/2--1401 (West 2006)) and the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 et seq. (West 2006)).  In his petition, the defendant claimed that he was not properly admonished that his prison sentences would be followed by a three-year term of mandatory supervised release (MSR) (see 730 ILCS 5/5--8--1(d)(1) (West 2004)).  The defendant alleged that, while in prison, he learned that the MSR term would be added to his sentences.  He further alleged

that, had he known about the MSR term, he "would have renegotiated the terms of his plea, and would not have accepted the 21 year sentence with MSR." The defendant requested that the trial court reduce his prison terms in accordance with the holding of People v. Whitfield, 217 Ill. 2d 177 (2005). The trial court treated the petition as one brought under the Act and summarily dismissed it, finding it frivolous and patently without merit. See 725 ILCS 5/122--2.1(a)(2) (West 2006). The defendant appealed.

The Office of the State Appellate Defender was appointed to represent the defendant, but the assistant defender assigned to represent the defendant moved to withdraw. We denied the motion and ordered the defendant's attorney to file a brief on the merits. We then affirmed the judgment of the trial court in an unpublished order issued on August 13, 2009. People v. Burns, No. 2--07--0475 (2009) (unpublished order pursuant to Supreme Court Rule 23). On March 24, 2010, the Illinois Supreme Court issued a supervisory order directing us to vacate our August 13, 2009, order and reconsider our decision in light of People v. Morris, 236 Ill. 2d 345 (2010). We permitted both parties to file supplemental briefs on the application of Morris. We vacate our previous disposition and, upon reconsideration, reverse the judgment of the trial court.

At the hearing at which the defendant entered his plea, the prosecutor described the terms of the plea agreement but neglected to mention that, after the defendant completed his concurrent prison terms, he would be required to serve a three-year term of MSR. Prior to accepting the defendant's plea, however, the trial court admonished the defendant as follows pursuant to Supreme Court Rule 402 (177 Ill. 2d R. 402):

"Mr. Burns, on both cases, the armed robbery, a Class X felony, and the home invasion is also a Class X felony, you should be advised that a conviction on these offenses

could result in you being sentenced to the Illinois Department of Corrections for a period of time from 6 to 30 years; the extended term is 30 to 60 years. There's a potential fine of up to $25,000, with a period of three years mandatory supervised release."

Neither the conviction order nor the sentencing orders on the two convictions mentioned MSR. The defendant asserts that he was unaware that a term of MSR would be added to his sentences, that the trial court's admonition was not consistent with the due process principles announced in Whitfield and clarified in Morris, and that the trial court therefore erred in dismissing his petition.

When a defendant who has been sentenced to imprisonment files a petition under the Act, the trial court must first independently examine the petition, taking its factual allegations as true. People v. Hodges, 234 Ill. 2d 1, 10 (2009). If the trial court finds that the petition is "frivolous or is patently without merit" (725 ILCS 5/122--2.1(a)(2) (West 2006)), the trial court must summarily dismiss it (Hodges, 234 Ill. 2d at 10). The "frivolous or patently without merit" standard means that a postconviction petition may be summarily dismissed only if it "has no arguable basis either in law or in fact." Hodges, 234 Ill. 2d at 16. Although the trial court initially takes the allegations as true at this stage, in evaluating the petition "the trial court may consider the petition's allegations in light of the trial record and may dismiss the petition if the record contradicts those allegations." People v. Robinson, 375 Ill. App. 3d 320, 329 (2007); see also Hodges, 234 Ill. 2d at 16 (a legal argument that is completely contradicted by the record is an example of an indisputably meritless argument). The State argues that the petition in this case was properly dismissed because the record refutes the defendant's claim that he was not properly admonished. We review de novo the summary dismissal of a postconviction petition. Hodges, 234 Ill. 2d at 9.

For a guilty plea to pass muster under the due process clause, "the record must affirmatively show that the plea was entered intelligently and with full knowledge of its consequences." Whitfield, 217 Ill. 2d at 184, citing Boykin v. Alabama, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969). Rule 402(a)(2) provides that the trial court must admonish a criminal defendant of "the minimum and maximum sentence prescribed by law" for the offense to which the defendant is pleading guilty (177 Ill. 2d R. 402(a)(2)), and "is designed to ensure that a guilty plea meets this requirement" (People v. Daniels, 388 Ill. App. 3d 952, 955 (2009)). In Whitfield, our supreme court observed that, under the due process clause and Rule 402(a)(2), it is necessary to admonish a defendant who is entering a guilty plea that he or she will be required to serve a term of MSR after completing his or her prison term. Whitfield, 217 Ill. 2d at 188, citing People v. Wills, 61 Ill. 2d 105, 109 (1975); see also Daniels, 388 Ill. App. 3d at 955.

Morris, the decision we were directed to consider, contains two aspects that are potentially relevant here: first, a holding regarding the applicability of Whitfield to recently filed postconviction petitions; and second, a clarification of the Whitfield rule. As to the first, the supreme court held that the rule announced in Whitfield does not retroactively apply to convictions that were finalized before Whitfield was decided, i.e., prior to December 20, 2005. Morris, 236 Ill. 2d at 366. Many of the cases that were remanded to this court in the wake of Morris ran afoul of this limitation, as the convictions in those cases were final before Whitfield was decided. Here, however, the defendant's convictions became final in 2006, well after the Whitfield decision was issued. Thus, the defendant was entitled to have the rule announced in Whitfield applied to his convictions.

The second aspect of Morris that is relevant here is its clarification of the Whitfield rule. The sufficiency of an admonishment about MSR is a fact-specific inquiry that focuses on whether an

ordinary person in the defendant's place would have reasonably understood that MSR would be added to his or her sentence. Morris, 236 Ill. 2d at 366. Although the admonishment need not be perfect, the trial court must substantially comply with Rule 402. Whitfield, 217 Ill. 2d at 195. In Morris, the supreme court clarified that the substantial compliance standard is satisfied when the Rule 402 admonishment links MSR to the guilty plea. Specifically, "Whitfield requires that defendants be advised that a term of MSR will be added to the actual sentence agreed upon in exchange for a guilty plea to the offense." (Emphasis added.) Morris, 236 Ill. 2d at 367. The supreme court noted that, "[i]deally, a trial court's admonishment would explicitly link MSR to the sentence to which the defendant agreed in exchange for his guilty plea, would be given at the time the trial court reviewed the provisions of the plea agreement, and would be reiterated both at sentencing and in the written judgment." Morris, 236 Ill. 2d at 367.

In our view, the admonishment given here did not comply with the requirements of due process under Whitfield and Morris, because it did not link the term of MSR to the actual sentences that the defendant would receive under his plea agreement and did not convey unconditionally that the MSR would be added to the agreed-upon sentences. See Morris, 236 Ill. 2d at 367. The trial court first admonished the defendant regarding the range of imprisonment that "could" have been imposed (presumably, absent the plea agreement): "a conviction on these offenses could result in you being sentenced to the Illinois Department of Corrections for a period of time from 6 to 30 years; the extended term is 30 to 60 years." (Emphasis added.) The trial court followed this with a description of the "potential fine" of up to $25,000. Thus far, therefore, the admonishment related solely to the penalties that the defendant might receive, and did not mention at all the sentences that the defendant would in fact receive under the plea agreement. The trial court's addition of language relating to

MSR ("with a period of three years['] mandatory supervised release") at this point therefore did not inform the defendant that MSR would be added to the 21-year sentences to which the defendant had agreed. Thus, an ordinary person in the defendant's place might have reasonably believed that he would not have to serve any MSR as a result of his plea agreement.

Our court has previously found this type of admonition, in which the information about MSR is included with a description of the penalties that the defendant could have faced if he had not pleaded guilty, to be insufficient. In Daniels, 388 Ill. App. 3d at 954, the defendant pleaded guilty to forgery and burglary in exchange for consecutive prison sentences of two years for the former offense and three years for the latter. Before accepting the plea, the trial court admonished the defendant:

" 'Minimum sentences you can receive are probation or conditional discharge.

Maximum sentence on the forgery would be 10 years in the Illinois Department of Corrections. Normally would be five, but the State tells me that based on your background, you are eligible for extended term, with one year parole or mandatory supervised release. You could be fined up to $25,000.

Burglary is a Class 2 felony. Minimum sentence is probation or conditional discharge. Maximum sentence would be 14 years in the Illinois Department of Corrections with two years mandatory supervised release or parole. You could be fined up to $25,000.' " Daniels, 388 Ill. App. 3d at 954.

We held that this admonition was insufficient because it linked MSR to the maximum sentences rather than to the sentences specified in the plea agreement. Daniels, 388 Ill. App. 3d at 959. The admonition given here resembles the insufficient admonition in Daniels, which linked MSR "only to

the maximum sentences authorized by law." (Emphasis in original.) Daniels, 388 Ill. App. 3d at 959. As in Daniels, the admonition here could have fostered a reasonable belief that MSR attached only to a particular contingency that might or might not happen. Therefore, due process requirements were not met. See Morris, 236 Ill. 2d at 366 ("An admonition that uses the term 'MSR' without putting it in some relevant context cannot serve to advise the defendant of the consequences of his guilty plea and cannot aid the defendant in making an informed decision about his case"); Whitfield, 217 Ill. 2d at 188 (a defendant must be admonished that MSR is included in the sentence to be imposed).

The State argues that our approach will "lead[] to a kind of language parsing completely at odds with Rule 402's substantial compliance standard." We disagree. Our decision here, like those in Morris and Whitfield, asks no more of a trial court than that it convey, with reasonable clarity, that the defendant sentenced to prison as part of a plea agreement will have to serve a term of MSR after completing the prison term. A substantial compliance standard that permitted any less would undermine the defendant's right to due process of law and would reduce Rule 402 to an empty formality.

We therefore find that the trial court's admonishment did not comply with due process and reverse the dismissal of the defendant's postconviction petition. We next consider the remedies that are available to the defendant on remand.

"In Whitfield, the court explained that, where the defendant is not properly admonished, 'there are two separate, though closely related, constitutional challenges that may be made: (1) that the plea of guilty was not made voluntarily and with full knowledge of the consequences, and (2) that defendant did not receive the benefit of the bargain he made with

the State when he pled guilty.' [Citation.] The second type of challenge proceeds upon the theory that, absent the requisite admonishment, addition of the MSR term to the agreed-upon sentence 'violates due process because the sentence imposed is more onerous than the one defendant agreed to at the time of the plea hearing.' [Citation.] The defendant in <u>Whitfield</u> sought to enforce, as nearly as possible, his bargain with the State. He had agreed to serve a 25-year prison term for first-degree murder, but not the 3-year term of MSR imposed by operation of law [citation]. The court held that MSR could not be stricken from the sentence; rather, the appropriate remedy was to reduce the defendant's prison term by three years--the length of the MSR term." <u>Daniels</u>, 388 Ill. App. 3d at 955-56.

The defendant asks us to grant him the remedy provided in <u>Whitfield</u> and subtract three years from his 21-year prison terms for armed robbery and home invasion.

Here, however, as in <u>Daniels</u>, the remedy of sentence reduction given in <u>Whitfield</u> is not available. The defendant's armed robbery conviction is predicated on subsection (a)(2) of section 18--2 of the Criminal Code of 1961 (Code) (720 ILCS 5/18--2(a)(2) (West 2004)). Section 18--2(b) of the Code provides that "[a] violation of subsection (a)(2) is a Class X felony for which 15 years shall be added to the term of imprisonment imposed by the court." 720 ILCS 5/18--2(b) (West 2004). The defendant's home invasion conviction is predicated on subsection (a)(3) of section 12--11 of the Code (720 ILCS 5/12--11(a)(3) (West 2004)). Section 12--11(c) of the Code contains a provision similar to that in section 18--2(b), defining a violation of subsection (a)(3) as a Class X felony and requiring 15 years to be added to the term of imprisonment imposed by the court. 720 ILCS 5/12--11(a)(3) (West 2004). Thus, both of the defendant's convictions are of Class X felonies, and both require the addition of 15 years to the sentence of imprisonment. The minimum prison term

for a Class X felony is 6 years, and when 15 years are added to that term, the minimum prison term for each of the defendant's convictions is 21 years. Reducing the defendant's sentences by 3 years (from 21 years to 18 years) would therefore produce sentences unauthorized by law. Accordingly, the only remedy available to the defendant is the withdrawal of his guilty plea.

Accordingly, we reverse the judgment of the circuit court of Kane County summarily dismissing the defendant's postconviction petition and remand to afford the defendant the option of withdrawing his guilty plea if he so elects.

Reversed and remanded.

ZENOFF, P.J., and BURKE, J., concur.