Filed 10/15/10                NO. 4-07-0572

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|      Plaintiff-Appellee, | ) | Circuit Court of |
|      v. | ) | Champaign County |
| JERMARI DORSEY, | ) | No. 04CF771 |
|      Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

_____

JUSTICE TURNER delivered the opinion of the court:

In June 2007, the Champaign County circuit court sua
sponte dismissed the pro se postconviction petition of defendant,
Jermari Dorsey.  Defendant appealed, contending (1) his due-
process rights were violated due to the trial court's failure to
admonish him his plea agreement included three years of mandatory
supervised release (or MSR) and (2) due process required the
application of the rule of lenity because two conflicting sen-
tencing provisions govern the sentencing on defendant's convic-
tion.  We affirmed.  Defendant filed a petition for leave to
appeal, which the supreme court denied.  However, in the exercise
of its supervisory authority, that court vacated this court's
judgment and directed us to reconsider our decision in light of
People v. Morris, 236 Ill. 2d 345, 925 N.E.2d 1060 (2010).

We have reconsidered our prior decision, and now again
affirm the trial court's dismissal of defendant's postconviction

petition.

## I. BACKGROUND

In April 2004, the State charged defendant with unlawful possession of a controlled substance with the intent to deliver (720 ILCS 570/401(c)(2) (West 2004)) for his actions on April 27, 2004. The next month, a grand jury indicted him on the same offense. Defendant and the State entered into a plea agreement, under which defendant would plead guilty to the charge and the State would cap its sentencing recommendation at 20 years' imprisonment and not mention defendant's pending case (People v. Dorsey, No. 05-CF-198 (Cir. Ct. Champaign Co.) (hereinafter case 198)).

In March 2005, the trial court held a plea hearing. The court explained the charge against defendant and confirmed defendant was going to be sentenced as a Class X offender because of his record. See 730 ILCS 5/5-5-3(c)(8) (West Supp. 2003). The court then stated the maximum penalties as follows:

"It's a Class [1] felony, but if you have two or more prior Class [1] or greater felonies within the past 20 years, this becomes a Class X offense, which calls for a mandatory minimum sentence of [6] years, with a maximum sentence fixed at 30 years. If you're sent to prison there's a period of

mandatory supervised release of three years.

The maximum fine can be up to $250,000."
Defendant responded in the affirmative when asked if he understood the maximum penalties.  The court then continued to admonish defendant about the rights he was surrendering by pleading guilty.

Afterward, the trial court asked for the plea agreement and defendant's criminal history.  After hearing such information, the court stated the following:

"The court's going to concur with the State's cap.  [Defendant], as I understand the situation, we're going to continue this matter for a sentencing hearing, and at that sentencing hearing[,] your penalty range will be anything from [6] to 20 years, as opposed to [6] to 30 years.  Is that your understanding of where we are right now?"

Defendant replied in the affirmative.  MSR was not mentioned again.  After hearing the factual basis, defendant pleaded guilty to the State's charge, and the court accepted the plea.

In April 2005, the trial court held a sentencing hearing and sentenced defendant to 18 years' imprisonment.  In June 2005, the court denied defendant's motion to reconsider his sentence and his motion to withdraw his guilty plea.  Defendant

appealed. In July 2006, this court affirmed the trial court's judgment. People v. Dorsey, No. 4-05-0560 (July 5, 2006) (unpublished order under Supreme Court Rule 23). Defendant filed a petition for leave to appeal, which the Supreme Court of Illinois denied on November 29, 2006. People v. Dorsey, 222 Ill. 2d 583, 861 N.E.2d 658 (2006) (No. 103537).

In May 2007, defendant filed a pro se postconviction petition, asserting (1) he was entitled to sentencing credit for the 10 days he spent in Champaign County jail after being sentenced but before being transferred to state prison, (2) he was not admonished his plea agreement included a 3-year MSR term, (3) his presentence investigation report improperly mentioned case 198, and (4) he was denied effective assistance of counsel because his counsel did not address the improper information in the presentence investigation report. On June 15, 2007, the trial court entered a written order, dismissing defendant's postconviction petition as frivolous and patently without merit. The court noted the transcript of the plea hearing indicated defendant was "properly admonished that a Class X felony calls for a period of mandatory supervised release of 3 yrs." On July 6, 2007, defendant filed a notice of appeal from the dismissal of his postconviction petition in compliance with Supreme Court Rules 606 and 651(d) (210 Ill. 2d R. 606; 134 Ill. 2d R. 651(d)). We affirmed the trial court's first-stage dismissal of defen-

dant's postconviction petition, and defendant filed a petition for leave to appeal to the supreme court.  As stated, the supreme court denied the petition for leave to appeal, but in the exercise of its supervisory authority, it vacated this court's judgment and directed us to reconsider our decision in light of Morris, 236 Ill. 2d 345, 925 N.E.2d 1069.  People v. Dorsey, 236 Ill. 2d 517, 925 N.E.2d 1173 (2010) (nonprecedential supervisory order on denial of petition for leave to appeal).  We now do so.

## II. ANALYSIS

### A. Standard of Review

Here, defendant appeals the first-stage dismissal of his pro se postconviction petition.

The Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 through 122-8 (West 2008)) provides a defendant with a collateral means to challenge his or her conviction or sentence for violations of federal or state constitutional rights.  People v. Jones, 211 Ill. 2d 140, 143, 809 N.E.2d 1233, 1236 (2004) (Jones I).  Once the defendant has filed a petition under the Postconviction Act, the trial court must first, independently and without considering any argument by the State, decide whether the defendant's petition is "frivolous or is patently without merit."  725 ILCS 5/122-2.1(a)(2) (West 2008).  To survive dismissal at this initial stage, the postconviction petition "need only present the gist of a constitutional claim,"

- 5 -

which is "a low threshold" that requires the petition to contain only a limited amount of detail. People v. Gaultney, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996). Legal argument or citation to legal authority is not required. People v. Brown, 236 Ill. 2d 175, 184, 923 N.E.2d 748, 754 (2010). In analyzing the petition, courts are to take the allegations of the petition as true as well as liberally construe them. Brown, 236 Ill. 2d at 184, 923 N.E.2d at 754.

Moreover, our supreme court has recently held a court may summarily dismiss a pro se postconviction petition "as frivolous or patently without merit only if the petition has no arguable basis either in law or in fact." People v. Hodges, 234 Ill. 2d 1, 11-12, 912 N.E.2d 1204, 1209 (2009). A petition lacks an arguable legal basis when it is based on an indisputably meritless legal theory, such as one the record completely contradicts. Hodges, 234 Ill. 2d at 16, 912 N.E.2d at 1212. A petition lacks an arguable factual basis when it is based on a fanciful factual allegation, such as one that is clearly baseless, fantastic, or delusional. Hodges, 234 Ill. 2d at 16-17, 912 N.E.2d at 1212.

Additionally, in considering a postconviction petition at the first stage of the proceedings, the court can examine the following: "the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court

in such proceeding[,] and any transcripts of such proceeding." 725 ILCS 5/122-2.1(c) (West 2008).  This court reviews de novo the trial court's dismissal of a postconviction petition without an evidentiary hearing.  People v. Simms, 192 Ill. 2d 348, 360, 736 N.E.2d 1092, 1105-06 (2000).

### B. MSR

Citing People v. Whitfield, 217 Ill. 2d 177, 195, 840 N.E.2d 658, 669 (2005), defendant first asserts his due-process rights were violated because the trial court failed to admonish him that his plea agreement included a three-year MSR term.

Initially, we must determine whether Whitfield applies to defendant's case.  After analyzing retroactivity under Teague v. Lane, 489 U.S. 288, 103 L. Ed. 2d 334, 109 S. Ct. 1060 (1989), our supreme court held "the new rule announced in Whitfield should only be applied prospectively to cases where the conviction was not finalized prior to December 20, 2005, the date Whitfield was announced."  Morris, 236 Ill. 2d at 366, 925 N.E.2d at 1081.  "'"A state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied."'"  People v. Simmons, 388 Ill. App. 3d 599, 609, 903 N.E.2d 437, 448 (2009), quoting People v. Kizer, 318 Ill. App. 3d 238, 246, 741 N.E.2d

1103, 1110 (2000), quoting Caspari v. Bohlen, 510 U.S. 383, 390, 127 L. Ed. 2d 236, 246, 114 S. Ct. 948, 953 (1994).

Here, the trial court sentenced defendant in April 2005 and denied defendant's postplea motions in June 2005. Defendant appealed, and this court affirmed the trial court's judgment in July 2006. Dorsey, No. 4-05-0560. Thus, on December 20, 2005, defendant's direct appeal was pending. Since defendant's direct-appeal rights had not been exhausted when the supreme court announced the Whitfield decision, defendant's conviction was not final at that time, and Whitfield applies.

In Whitfield, 217 Ill. 2d at 195, 840 N.E.2d at 669, our supreme court held "due process is violated when a defendant pleads guilty in exchange for a specific sentence and the trial court fails to advise the defendant, prior to accepting his plea, that [an MSR] term will be added to that sentence." The Whitfield court explained that, under those circumstances, a due-process violation occurs because the addition of the MSR term to the agreed-upon sentence makes the sentence imposed more onerous than the one defendant agreed to at the plea hearing. The addition of the unknown MSR term unfairly breaches the plea agreement. Whitfield, 217 Ill. 2d at 195, 840 N.E.2d at 669.

In Whitfield, 217 Ill. 2d at 179, 840 N.E.2d at 661, the defendant had pleaded guilty to first degree murder in exchange for a 25-year prison sentence. "At no time during the

- 8 -

plea hearing" did the trial court admonish the defendant he would be subject to a 3-year MSR term following the agreed-upon 25-year prison sentence. Whitfield, 217 Ill. 2d at 180, 840 N.E.2d at 661.

In Morris, 236 Ill. 2d at 366-68, 925 N.E.2d at 1082-83, our supreme court took the opportunity to clarify its decision in Whitfield. The Morris court proclaimed Whitfield requires trial courts to advise defendants an MSR term "will be added to the actual sentence agreed upon in exchange for a guilty plea to the offense charged." Morris, 236 Ill. 2d at 367, 925 N.E.2d at 1082. It explained that, in addition to ensuring a defendant enters a plea "'intelligently and with full knowledge of its consequences,'" admonishments must also inform the defendant of the actual terms of the bargain made with the State. Morris, 236 Ill. 2d at 366, 925 N.E.2d at 1082, quoting Whitfield, 217 Ill. 2d at 184, 840 N.E.2d at 663, citing Boykin v. Alabama, 395 U.S. 238, 243, 23 L. Ed. 2d 274, 279-80, 89 S. Ct. 1709, 1712 (1969). "An admonition that uses the term 'MSR' without putting it in some relevant context cannot serve to advise the defendant of the consequences of his guilty plea and cannot aid the defendant in making an informed decision about his case." Morris, 236 Ill. 2d at 366, 925 N.E.2d at 1082. Additionally, the supreme court declared that, while a trial court's MSR admonishments need not be perfect, the admonishments "must

- 9 -

substantially comply with the requirements of [Supreme Court] Rule 402 [(177 Ill. 2d R. 402)] and the precedent of this court." Morris, 236 Ill. 2d at 367, 925 N.E.2d at 1082.

Even after the supreme court's clarification in Morris, a split among the appellate courts remains on the issue of whether a trial court's mentioning MSR will be attached to any prison sentence when informing the defendant of the minimum and maximum penalties of the crimes charged satisfies due process, Rule 402, and Whitfield. We note the Third District has yet to weigh in on this issue since Morris.

In dicta, the Fifth District found such a statement by the trial court was sufficient compliance as it informed the defendant of MSR. People v. Thomas, No. 5-06-0585, slip op. at 7 (July 16, 2010), ___ Ill. App. 3d ___, ___, 932 N.E.2d 658, 663. It opined that, "[u]nder those circumstances, any misunderstanding about the applicability of [MSR], although perhaps unfortunate, cannot be deemed objectively reasonable." Thomas, slip op. at 7, ___ Ill. App. 3d at ___, 932 N.E.2d at 663. The Fifth District further noted it did not believe "any of the guidance provided by the Morris court casts doubt on our reasoning." Thomas, slip op. at 8, ___ Ill. App. 3d at ___, 932 N.E.2d at 663.

The First District reached the same conclusion as the Fifth District, citing its pre-Morris decision in People v.

- 10 -

<u>Marshall</u>, 381 Ill. App. 3d 724, 886 N.E.2d 1106 (2008).  See <u>People v. Davis</u>, No. 1-08-3498, slip op. at 9-11 (August 9, 2010), ___ Ill. App. 3d ___, ___, ___ N.E.2d ___, ___.  The First District explained its reasoning as follows:

> "[U]nder <u>Whitfield</u>, a constitutional violation occurs only when there is absolutely no mention to a defendant, before he actually pleads guilty, that he must serve an MSR term in addition to the agreed-upon sentence that he will receive in exchange for his plea of guilty.  If, prior to the guilty plea admonishments, the defendant knows he will be sentenced to the penitentiary in exchange for his plea of guilty, and knowing this, he is told during the guilty plea hearing that he must serve an MSR term upon being sentenced to the penitentiary, then the defendant is placed on notice that his debt to society for the crime he admits to having committed extends beyond fulfilling his sentence to the penitentiary."  <u>Davis</u>, slip op. at 10, ___ Ill. App. 3d at ___, ___ N.E.2d at ___.

Moreover, after noting the supreme court cited <u>Marshall</u> with

approval in Morris, 236 Ill. 2d at 367, 925 N.E.2d at 1082, the First District declared Marshall settled the issue for that district. Davis, slip op. at 12, ___ Ill. App. 3d at ___, ___ N.E.2d at ___.

In People v. Andrews, No. 4-06-0904, slip op. at 23 (August 18, 2010), ___ Ill. App. 3d ___, ___, ___ N.E.2d ___, ___, another panel of this court arrived at the same conclusion as the First and Fifth Districts, adhering to our holdings in pre-Morris decisions (see People v. Holt, 372 Ill. App. 3d 650, 652-53, 867 N.E.2d 1192, 1195 (2007); People v. Jarrett, 372 Ill. App. 3d 344, 352, 867 N.E.2d 1173, 1180 (2007); People v. Borst, 372 Ill. App. 3d 331, 334, 867 N.E.2d 1181, 1184 (2007)). The defendant in Andrews argued his due-process rights were violated because his plea agreement did not mention he would be subject to MSR at the completion of his agreed-upon sentence. The Andrews court found the argument failed because Whitfield's holding did not address plea agreements, and then went further and discussed what was a sufficient MSR admonishment. See Andrews, slip op. at 17-20, ___ Ill. App. 3d at ___, ___ N.E.2d at ___. The Andrews court explained that, "as long as the trial court informs a defendant at the time of his guilty plea that an MSR term must follow any prison sentence that is imposed upon him, he has received all the notice and all the due process to which he is entitled regarding MSR." Andrews, slip op. at 20, ___ Ill. App.

- 12 -

3d at ___, ___ N.E.2d at ___.  It further noted its belief that nothing in <u>Morris</u> required a deviation from our pre-<u>Morris</u> decisions and took issue with the supreme court's continued reference to plea agreements in addressing MSR admonishments.  <u>Andrews</u>, slip op. at 22-23, ___ Ill. App. 3d at ___, ___ N.E.2d at ___.

      To the contrary, the Second District held such a statement was insufficient because it did not link the MSR term to the actual sentences the defendant would receive under his plea agreement and did not convey unconditionally the MSR term would be added to the agreed-upon sentences.  <u>People v. Burns</u>, No. 2-07-0475, slip op. at 5 (August 9, 2010), ___ Ill. App. 3d ___, ___, ___ N.E.2d ___, ___.  It explained "an ordinary person in the defendant's place might have reasonably believed that he would not have to serve any MSR as a result of his plea agree-ment."  <u>Burns</u>, slip op. at 6, ___ Ill. App. 3d at ___, ___ N.E.2d at ___.  Stated differently, the admonition could have fostered a reasonable belief MSR attached only to a particular contingency that might or might not happen.  <u>Burns</u>, slip op. at 7, ___ Ill. App. 3d at ___, ___ N.E.2d at ___.  The Second District further noted it had previously found the type of admonishment at issue insufficient because it linked MSR to the maximum sentences rather than to the sentences specified in the plea agreement.  <u>Burns</u>, slip op. at 6, ___ Ill. App. 3d at ___, ___ N.E.2d at ___,

- 13 -

citing <u>Daniels</u>, 388 Ill. App. 3d at 959, 905 N.E.2d at 356.

While we will follow <u>Andrews</u> to maintain a consistent body of case law within the Fourth District, we take the opportunity to explain our stance on the issue of whether a trial court's mentioning MSR will be attached to any prison sentence when informing the defendant of the minimum and maximum penalties of the crimes charged satisfies due process and Rule 402 in light of <u>Morris</u>'s clarification.

The <u>Morris</u> court expressly stated <u>Whitfield</u> mandates defendants be advised an MSR term "will be added to the actual sentence agreed upon in exchange for a guilty plea to the offense charged." <u>Morris</u>, 236 Ill. 2d at 367, 925 N.E.2d at 1082. Moreover, the <u>Morris</u> decision discusses the need for defendants to be informed of the actual terms of the bargain they made with the State and encourages trial courts to discuss MSR when reviewing the terms of a defendant's plea bargain. See <u>Morris</u>, 236 Ill. 2d at 366-68, 925 N.E.2d at 1082-83. Thus, <u>Morris</u> suggests <u>Whitfield</u> also requires trial courts to address MSR when explaining any type of plea agreement, not just one with an agreed sentence. Additionally, the <u>Morris</u> court emphasized the court's admonishments must comply not only with Rule 402 but also with supreme court precedent (<u>Morris</u>, 236 Ill. 2d at 367, 925 N.E.2d at 1082), which would include <u>Whitfield</u>.

When describing the maximum and minimum penalties of

each of the pending charges, a general statement MSR will be added to any prison term does not <u>explicitly</u> link MSR to the parties' agreed-upon sentence or sentencing range. We agree with the Second District such an admonishment links the MSR term to the statutory sentencing range or the maximum sentence depending on the court's language. See <u>Daniels</u>, 388 Ill. App. 3d at 959, 905 N.E.2d at 356 (finding the admonishment linked MSR to the maximum sentences and not the agreed-upon sentences). When entering a negotiated guilty plea, the defendant believes he is getting a special sentence as he or she has made a deal with the State to avoid the statutory sentencing range. It is unreasonable to assume an ordinary person is aware of the fact MSR attaches to all prison terms regardless of whether a plea agreement existed. As noted by the Second District, without any more language connecting the MSR term to the agreed-upon sentence, an ordinary person could reasonably believe the MSR term only applied to his sentence if he did not plead guilty under the negotiated plea agreement. <u>Burns</u>, slip op. at 5-6, ___ Ill. App. 3d at ___, ___ N.E.2d at ___. A court's mentioning of MSR only during the minimum and maximum penalties requires an ordinary person to make a significant analytical jump that MSR, which the court had just informed him or her applied to any prison term under the statutory sentencing range, also applied to the agreed-upon sentence or sentence under an agreed-upon sentencing range.

- 15 -

The Morris decision demands a clearer and closer link between MSR and the agreed-upon sentence or sentencing range to inform the defendant of the consequences of his guilty plea.

While MSR is generally not part of plea negotiations and expressly stated in plea agreements, the Morris court's reference to a plea agreement with the State does not undercut its requirement the MSR term be explicitly linked to the agreed-upon sentence. The supreme court has the power to extend its Rule 402 (177 Ill. 2d R. 402) to require a defendant receive an explicit admonishment informing him or her an MSR term will be added to his or her agreed-upon sentence or sentence received within an agreed-upon range.

Here, defendant was admonished about the three-year MSR term when the trial court set forth the minimum and maximum penalties for the charge of unlawful possession of a controlled substance with the intent to deliver. The court then asked defendant if he understood the maximum penalties. Accordingly, the MSR admonishment was linked to the maximum penalties. Moreover, neither the State nor the court mentioned the MSR term when describing the terms of his plea agreement or in any other way connected MSR to the agreed-upon sentence. Thus, in light of Morris's clarification of Whitfield, our view is defendant's postconviction petition did state the gist of a constitutional claim regarding the court's failure to admonish defendant an MSR

term would apply to a sentence within the agreed-upon sentencing range.  However, since the trial court's admonishment is sufficient under <u>Andrews</u>, we conclude defendant failed to state the gist of a constitutional claim on this issue.

### C. Rule of Lenity

Defendant also argues the mandatory sentencing provisions of sections 5-5-3(c)(8) and 5-8-1(a)(4) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-5-3(c)(8) (West Supp. 2003); 730 ILCS 5/5-8-1(a)(4) (West 2004)) contain conflicting provisions.  Thus, he contends due process requires the application of the rule of lenity, which would yield the application of section 5-8-1(a)(4) of the Unified Code (730 ILCS 5/5-8-1(a)(4) (West 2004)) with a maximum sentence of 15 years' imprisonment. However, as the State notes, defendant is raising this issue for the first time on appeal from the dismissal of his postconviction petition and thus has forfeited the issue.  See <u>Jones I</u>, 211 Ill. 2d at 149-50, 809 N.E.2d at 1239.  Citing <u>People v. Wright</u>, 194 Ill. 2d 1, 23, 740 N.E.2d 755, 766 (2000), defendant contends the constitutionality of a criminal statute may be challenged at any time.

In <u>Wright</u>, 194 Ill. 2d at 22, 740 N.E.2d at 766, defendant raised his constitutionality challenge for the first time in a petition for rehearing while his case was on direct appeal from his conviction and sentence.  Here, defendant is

raising such a challenge on appeal from the first-stage dismissal of his postconviction petition. Our supreme court has held a defendant's contentions of constitutional error not raised in the original postconviction petition are forfeited on appeal from the trial court's first-stage dismissal of the petition. Jones I, 211 Ill. 2d at 149-50, 809 N.E.2d at 1239. The Supreme Court of Illinois has further stressed the following:

"our appellate court is not free, as this court is under its supervisory authority, to excuse, in the context of postconviction proceedings, an appellate waiver caused by the failure of a defendant to include issues in his or her postconviction petition." People v. Jones, 213 Ill. 2d 498, 508, 821 N.E.2d 1093, 1099 (2004) (Jones II).

Thus, under Jones I and Jones II, we find defendant has forfeited this issue by failing to raise it in his postconviction petition.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's first-stage dismissal of defendant's postconviction petition. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

Affirmed.

- 18 -

KNECHT and APPLETON, JJ., concur.