# Illinois Official Reports

## Supreme Court

*People v. Boykins*, 2017 IL 121365

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. BYRON BOYKINS, Appellant. |
| Docket No. | 121365 |
| Filed | September 21, 2017 |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. Clayton J. Crane, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, State Appellate Defender, Patricia Mysza, Deputy Defender, and Aliza R. Kaliski, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellant. |
| | Lisa Madigan, Attorney General, of Springfield (David L. Franklin, Solicitor General, and Michael M. Glick and David H. Iskowich, Assistant Attorneys General, of Chicago, of counsel), for the People. |
| Justices | JUSTICE THEIS delivered the judgment of the court, with opinion. |
| | Chief Justice Karmeier and Justices Freeman, Thomas, Kilbride, Garman, and Burke concurred in the judgment and opinion. |

**OPINION**

¶ 1     The issue presented in this appeal is whether the circuit court's plea admonishments regarding mandatory supervised release (MSR) were sufficient to satisfy the due process rights of defendant, Byron Boykins. Defendant filed a *pro se* postconviction petition in the circuit court of Cook County pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2014)), alleging that his due process rights were violated when the trial court failed to specifically admonish him that he would be required to serve a 3-year term of MSR after completing the 22-year prison sentence he negotiated in exchange for his plea. The circuit court summarily dismissed the petition. The appellate court affirmed the dismissal. 2016 IL App (1st) 142542-U. For the following reasons, we affirm the judgment of the appellate court.

¶ 2                                    BACKGROUND

¶ 3     In 2007, defendant was charged by indictment with six counts of first degree murder and six counts of aggravated unlawful use of a weapon (AUUW) (720 ILCS 5/24-1.6 (West 2006)). In March 2009, defendant entered into a negotiated plea in which he agreed to plead guilty to first degree murder in exchange for 22 years' imprisonment, the dismissal of the AUUW charges, and the dismissal of a separate pending charge for possession of a stolen motor vehicle. Defendant was 20 years old at the time of the plea hearing. Prior to accepting the plea, the following exchange occurred:

> "THE COURT: Mr. Boykins, you're charged with the offense of first degree murder. That event is alleged to have occurred on or about October the 16th of the year of 2006, in that you, without lawful justification, intentionally or knowingly killed—shot and killed Carlos Mathis, M-a-t-h-i-s.
>
> In the State of Illinois that's referred to as—the sentencing for that case is from 20 to 40—20 to 60 years in the Illinois State penitentiary. If I find that you've been found guilty of the same or greater class felony in the last ten years, the maximum penitentiary time in this case would be life.
>
> Upon your release from the penitentiary, there is a period of three years mandatory supervised release, sometimes referred to as parole.
>
> Understanding the nature of the offense and its possible penalties, how do you plead to this matter; guilty or not guilty?
>
> THE DEFENDANT: Guilty."

The trial court then confirmed that defendant was aware of the rights he would be giving up by entering a guilty plea and confirmed that he was entering the plea of his own free will. Additionally, the court reiterated the terms of the agreement that "in this particular situation," defendant was agreeing to plead guilty in exchange for "a period of 22[ ]years in the Illinois Department of Corrections." Defendant indicated that he had no questions.

¶ 4     After finding that a factual basis existed for the plea, the court accepted the plea and ratified the agreement. Defendant waived his right to a presentence investigation report, but the court was informed that defendant had several juvenile adjudications, that he was 17 years old at the time of the occurrence, and that he had no prior adult arrests. The court then imposed a sentence of 22 years in prison. Defendant again indicated that he had no questions about the

sentence. The trial court did not mention MSR during sentencing, and the sentencing order does not refer to MSR.

¶ 5    In April 2014, defendant filed a *pro se* postconviction petition alleging that his constitutional due process rights were substantially violated because he was not advised that he would be required to serve a 3-year term of MSR upon completion of the 22-year prison sentence that he negotiated in exchange for his plea. Consequently, defendant alleged that he did not receive the benefit of his bargain because the total time he would be required to serve would exceed the term specifically announced by the trial court. Defendant further asserted that he had not been aware of the MSR term until he heard other inmates discussing it. As a remedy, defendant requested that the trial court reduce his prison term by three years or, alternatively, remove his obligation to serve the MSR term.

¶ 6    The trial court summarily dismissed the petition, finding that the record contradicted defendant's allegations. The court concluded that the trial court sufficiently admonished defendant by advising him prior to imposing the sentence that upon his release from prison there was a three-year period of MSR.

¶ 7    The appellate court affirmed, finding that the trial court's admonishment satisfied due process where it "conveyed the necessary warning regarding the three-year term of MSR in no uncertain terms, such that an ordinary person in defendant's circumstances would understand it." 2016 IL App (1st) 142542-U, ¶ 15. Although the court acknowledged disagreement among the appellate court districts on the sufficiency of Illinois Supreme Court Rule 402 (eff. July 1, 1997) admonitions, the court rejected defendant's argument that due process required the MSR admonishment to be specifically linked with the pronouncement of the agreed-upon sentence. 2016 IL App (1st) 142542-U, ¶¶ 17-18. We allowed defendant's petition for leave to appeal. Ill. S. Ct. R. 315(a) (eff. Mar. 15, 2016).

¶ 8                                   ANALYSIS

¶ 9    The Post-Conviction Hearing Act provides a method to challenge a conviction or sentence based on a substantial violation of constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2014). At the first stage of the proceedings, the circuit court must independently determine whether the petition is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2014). To be summarily dismissed at the first stage as frivolous or patently without merit, the petition must have no arguable basis either in law or in fact, relying instead on "an indisputably meritless legal theory or a fanciful factual allegation." *People v. Hodges*, 234 Ill. 2d 1, 16-17 (2009). Meritless legal theories include those theories that are completely contradicted by the record. *Id.* at 17. We review the summary dismissal of a postconviction petition *de novo*. *People v. Tate*, 2012 IL 112214, ¶ 10.

¶ 10   Defendant contends that he has sufficiently alleged a substantial violation of his due process rights because the trial court failed to adequately admonish him regarding the statutorily required three-year term of MSR. He maintains that although the court mentioned MSR when admonishing him about the possible range of penalties he could receive, under the standards set forth in *People v. Whitfield*, 217 Ill. 2d 177 (2005), and *People v. Morris*, 236 Ill. 2d 345 (2010), the admonishments did not satisfy due process where the court did not "link" the admonishment about the MSR term with his actual agreed-upon sentence to clearly apprise defendant that MSR would apply to his bargained-for sentence. He argues that an ordinary

person in his circumstances would not understand that his sentence included the three-year MSR term.

¶ 11   Section 5-8-1(d)(1) of the Unified Code of Corrections (Code) requires that a sentence for first degree murder must include a three-year MSR term in addition to the term of imprisonment. 730 ILCS 5/5-8-1(d)(1) (West 2008). Since the MSR term is statutorily mandated, it is not part of the plea bargain; the State cannot offer to exclude it as a part of a plea negotiation, and the court has no authority to withhold it in imposing sentence. *Whitfield*, 217 Ill. 2d at 200-01.

¶ 12   The requirement that a defendant be informed of the statutorily required MSR term arises from Illinois Supreme Court Rule 402(a)(2), which mandates that in hearings on pleas of guilty, the trial court must inform the defendant and determine that he understands "the minimum and maximum sentence prescribed by law." Ill. S. Ct. R. 402(a)(2) (eff. July 1, 1997). In *Whitfield*, this court explained that pursuant to Rule 402, "every defendant who enters a plea of guilty has a due process right to be properly and fully admonished." *Whitfield*, 217 Ill. 2d at 188. Thus, before accepting a guilty plea, the trial court must substantially comply with Rule 402(a)(2). *Id.* at 195.

¶ 13   To substantially comply with Rule 402 and due process where a defendant enters into a negotiated plea for a specific sentence, the trial court must advise the defendant, prior to accepting his plea, that a term of MSR will be added to the sentence. *Id.* at 194-95.[1] Therefore, where Whitfield had bargained for a specific sentence and the trial court accepted his plea without advising him that an MSR term would be added to the sentence, we held that Whitfield essentially received a sentence that was more onerous than the sentence for which he bargained, which violated due process notions of fundamental fairness. *Id.* at 201-02.

¶ 14   In *Morris*, we did not explicitly reach the due process issue presented here, finding instead that *Whitfield* did not apply retroactively to the *Morris* defendants. We sought to clarify, however, what information must be conveyed to ensure the MSR admonishments given during a plea hearing comply with the requirements of Rule 402 and due process after *Whitfield*. *Morris*, 236 Ill. 2d at 366. "*Whitfield* requires that defendants be advised that a term of MSR will be added to the actual sentence agreed upon in exchange for a guilty plea to the offense charged." *Id.* at 367. "An admonition that uses the term 'MSR' without putting it in some relevant context cannot serve to advise the defendant of the consequences of his guilty plea and cannot aid the defendant in making an informed decision about his case." *Id.* at 366.

¶ 15   To ensure that defendants understand the consequences of their plea agreement and to avoid prolonged litigation on the issue, we strongly encouraged trial court judges to follow best practices in admonishments. We stated that, "[i]deally," the admonishment about MSR would (1) be explicitly linked to the sentence to which defendant agreed in exchange for his negotiated plea, (2) be given when reviewing the provisions of the plea agreement, and (3) be reiterated both at sentencing and in the written judgment. *Id.* at 367-68.

---

[1]A "negotiated plea of guilty is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." Ill. S. Ct. R. 604(d) (eff. July 1, 2006).

¶ 16    Nevertheless, we recognized that "there is no precise formula in admonishing a defendant of his MSR obligation" and that the admonition must be read in a practical and realistic way. *Id.* at 366. Consequently, we held that to satisfy due process, " '[t]he admonition is sufficient if an ordinary person in the circumstances of the accused would understand it to convey the required warning.' " *Id.* (quoting *People v. Williams*, 97 Ill. 2d 252, 269 (1983)).

¶ 17    Here, the record reflects that prior to accepting defendant's plea, the trial court advised defendant of the range of possible penalties for the offense to which he was pleading. Defendant was told that, for the offense of first degree murder, the sentence required a term in prison ranging between 20 and 60 years and that the maximum period of imprisonment could be life. He was then advised that "[u]pon your release from the penitentiary, there is a period of three years mandatory supervised release, sometimes referred to as parole."

¶ 18    From this information, an ordinary person in defendant's circumstances would understand that the penalty for the offense to which he was pleading guilty required a period of imprisonment in the range of at least 20 to 60 years and that any term he served in prison would be followed by a 3-year period of MSR. Defendant does not dispute, and the record reflects, that he understood the concept of MSR or parole. Where defendant was informed that MSR was a required part of any sentence that would be imposed upon his release from prison, a reasonable person would understand that his negotiated prison sentence would be followed by a term of MSR. When read in a practical and realistic manner and judged by an objective standard, the record reveals that defendant's due process rights were satisfied.

¶ 19    Additionally, as required by Rule 402, defendant was made aware that the minimum possible penalty for the offense to which he was pleading guilty was 20 years in prison plus a 3-year term of MSR, which is a total period of 23 years. Thus, an ordinary person in defendant's circumstances would understand that the minimum possible penalty was 23 years. Therefore, defendant's allegation—that his understanding was that the full extent of his penalty was 22 years—is contradicted by the record.

¶ 20    Consistent with our conclusion, several post-*Morris* appellate court cases have found admonitions similar to those presented here satisfied due process. *People v. Lee*, 2012 IL App (4th) 110403, ¶¶ 4, 23 (admonition sufficient where the defendant was informed that " '[a]ny term in prison would be followed by a period of mandatory, supervised release of at least three years' "); *People v. Hunter*, 2011 IL App (1st) 093023, ¶¶ 4, 19 (admonishment that " '[a]ny period of incarceration would be followed by a period of mandatory supervised release of two years following your discharge from the Department of Corrections' " satisfied due process); *People v. Dorsey*, 404 Ill. App. 3d 829, 831, 836-38 (2010) (affirming first-stage dismissal of a postconviction petition where the trial court admonished the defendant that " '[i]f you're sent to prison, there's a period of mandatory supervised release of three years' "); *People v. Davis*, 403 Ill. App. 3d 461, 465, 466 (2010) (admonition sufficient where the trial court advised the defendant that if he pleaded guilty the court was required to sentence him to between 6 and 30 years in the penitentiary and that he " 'would have to serve at least three years mandatory supervised release' " (emphasis omitted)); *People v. Andrews*, 403 Ill. App. 3d 654, 656 (2010) (defendant received all of the notice and due process to which he was entitled regarding MSR where the trial court advised him that " '[i]f convicted and sentenced to prison, there would then be 1 year [of MSR], or what used to be known as parole' " (emphasis omitted)); *People v. Thomas*, 402 Ill. App. 3d 1129, 1133-34 (2010) (admonition sufficient where trial court

advised the defendant of the range of penalties for each offense without the benefit of a negotiated plea and told him that any sentence of imprisonment would carry with it a period of MSR upon release from prison).

¶ 21 Those cases that have found a violation of due process are cases in which the MSR admonitions did not convey unconditionally that an MSR term would follow those bargained-for sentences. For example, in *People v. Burns*, 405 Ill. App. 3d 40, 42 (2010), the defendant was advised that a conviction " 'could result' " in a prison sentence for a period of time and that there was a " 'potential' " fine " 'with a period of three years mandatory supervised release.' " The court held that due process was not satisfied where the admonition "could have fostered a reasonable belief that MSR attached only to a particular contingency that might or might not happen." *Id.* at 44-45; see also *People v. Daniels*, 388 Ill. App. 3d 952, 959 (2009) (admonition failed to satisfy Rule 402 and due process where it linked MSR "only to the maximum sentences authorized by law" (emphasis omitted)); *People v. Company*, 376 Ill. App. 3d 846, 850 (2007) (admonition was insufficient where the MSR term was phrased as a contingency); *People v. Smith*, 386 Ill. App. 3d 473, 482 (2008) (insufficient admonishment where defendant was only advised that he could be sentenced to 20 to 60 years, he could be fined, and he could be subject to MSR). Moreover, to the extent that these cases have been interpreted to hold that *Morris* established a bright-line rule that to satisfy due process the admonishments must expressly link MSR during the pronouncement of the agreed-upon sentence, we reject such a rigid interpretation as inconsistent with our decision in *Morris*. To the extent that the foregoing cases applied a bright-line rule requiring a link of MSR to the pronouncement of the agreed-upon sentence, we expressly overrule them.

¶ 22 Our conclusion is not altered by *United States ex rel. Miller v. McGinnis*, 774 F.2d 819 (7th Cir. 1985), on which defendant additionally relies. There, the trial court informed the defendant that an MSR term could be added to the sentences for his crimes other than murder. *Id.* at 820. The court then sentenced him to 20 years for the murder to run concurrently with other lesser sentences for his other crimes. *Id.* at 823. The Seventh Circuit concluded that the defendant's due process rights were violated because he was told he would receive a maximum sentence of 20 years, when in fact his sentence included the additional 3-year MSR period. *Id.* at 823-24. In contrast, here the trial judge told defendant that a sentence for murder necessarily included a three-year term of MSR.

¶ 23 Finally, we recognize that in this case the trial court did not have the benefit of our guidance in *Morris* when it provided the Rule 402 admonishments. We trust that going forward the trial court will seek to follow the guidelines set forth in *Morris* to avoid any potential for confusion in the future and to insulate the plea from subsequent attack. Additionally, we note that the Code now requires judges to include MSR in their written sentencing orders. 730 ILCS 5/5-8-1(d) (West 2012).

¶ 24 CONCLUSION

¶ 25 In sum, we hold that the summary dismissal of defendant's postconviction petition was proper where the record refutes his claim that the trial court's admonishment regarding the requisite statutory MSR term fell short of constitutional due process requirements. Accordingly, we affirm the judgment of the appellate court.

¶ 26        Affirmed.