NOTICE

Decision filed 08/04/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 210293-U

NO. 5-21-0293

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 03-CF-671 |
| | ) | |
| BRIAN E. WARD, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Presiding Justice Boie and Justice Moore concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Where defendant did not satisfy the "cause" prong of the cause-and-prejudice test, the circuit court did not err in denying him leave to file a successive postconviction petition, and since any argument to the contrary would lack merit, defendant's appointed counsel on appeal is granted leave to withdraw, and the judgment of the circuit court is affirmed.

¶ 2   Defendant, Brian E. Ward, appeals the circuit court's order denying him leave to file a successive postconviction petition. Defendant's appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit. Accordingly, OSAD has filed a motion to withdraw as counsel for defendant (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)) along with a brief in support of the motion. OSAD has provided defendant with a copy of its *Finley* motion and brief. This court has provided him with ample opportunity to file a written *pro se* brief, memorandum, etc., responding to OSAD's motion or explaining why this

1

appeal has merit. Defendant has not filed any sort of response. Having read OSAD's *Finley* motion and brief, and having examined the record on appeal, we conclude that the instant appeal does lack merit. There is no potential ground for appeal. Accordingly, we grant OSAD leave to withdraw as counsel and affirm the judgment of the circuit court.

¶ 3                                    BACKGROUND

¶ 4     In 2005 defendant pleaded guilty to first degree murder in exchange for a 45-year prison sentence. The circuit court admonished him that he was charged with first degree murder and, if convicted, "could be sentenced to a period of time in the Illinois Department of Corrections [(IDOC)], a definite period of time, between 20 and 60 years, which upon the completion of that period of time, you would do three years of mandatory supervised release."

¶ 5     The court accepted the plea, finding it voluntary. With the parties' agreement, the court proceeded immediately to sentencing and imposed the agreed-upon sentence. Defendant did not move to withdraw the plea or appeal.

¶ 6     In 2007, defendant filed a postconviction petition, which the circuit court summarily dismissed. On appeal, citing *People v. Whitfield*, 217 Ill. 2d 177 (2005), defendant argued for the first time that the circuit court did not properly admonish him about mandatory supervised release (MSR). This court affirmed the dismissal. In doing so, we held that defendant forfeited the MSR claim because he did not raise it in the petition. *People v. Ward*, No. 5-07-0593 (2010) (unpublished order under Illinois Supreme Court Rule 23), order at 6 (citing *People v. Jones*, 211 Ill. 2d 140, 148 (2004)). In a footnote, we added that the supreme court had recently held that *Whitfield* did not apply to cases that became final before *Whitfield* was decided on December 20, 2005. We observed that, because defendant pleaded guilty on April 22, 2005, and did not appeal, his conviction became final before *Whitfield* was decided. *Id.* at 6 n.1.

2

¶ 7 In 2021, defendant sought leave to file a successive postconviction petition. The proposed petition claimed that the court inadequately admonished him about the MSR term before accepting his guilty plea, that he should receive day-for-day credit against his sentence, and that the IDOC was unlawfully extending his sentence. The circuit court denied leave to file the petition, finding that defendant did not establish cause for not raising the claims in his initial postconviction petition.

¶ 8 On August 24, 2021, defendant sought leave to file a second successive postconviction petition. The proposed petition raised the same claims as the prior petition. The motion for leave to file asserted that defendant had cause for not raising the issue sooner because he "was only made aware after filing appeal from the denial of [his] first postconviction petition, through Appellate Counsel *** that a 3 year term of MSR was added to my sentence." The filing included a letter from defense counsel dated January 9, 2008, advising defendant to file a successive postconviction petition. Defendant asserted that he was prejudiced because he did not receive the benefit of his bargain with the State. The trial court denied leave to file, finding that the issue was barred by *res judicata*, and defendant appeals.

¶ 9                                  ANALYSIS

¶ 10 OSAD suggests three possible issues and concludes that none of them have even arguable merit. OSAD frames the potential issues as (1) whether the trial court correctly relied on *res judicata* to deny leave to file, (2) whether defendant's *Whitfield* claim lacked merit, and (3) whether defendant's day-for-day sentencing credit lacked merit. The gist of all three issues is whether the trial court correctly denied defendant leave to file his second successive petition. We agree that the trial court correctly did so. To explain why, we begin with some brief background.

¶ 11 The Post-Conviction Hearing Act (Act) provides a means by which a criminal defendant can assert that "in the proceedings which resulted in his or her conviction there was a substantial

3

denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122-1(a)(1) (West 2004). The Act permits the filing of only one petition without leave of court. *Id.* § 122-1(f). Consequently, to initiate a successful postconviction proceeding, a defendant must first obtain leave of court, which is granted only when the defendant "demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure." *Id.* To show cause, a defendant must identify "an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings." *Id.* To show prejudice, a defendant must demonstrate "that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." *Id.*

¶ 12 The Unified Code of Corrections provides for a mandatory MSR term following a prison sentence. The term

> "shall be as follows:
> (1) for first degree murder *** 3 years[.]" 730 ILCS 5/5-8-1(d)(1) (West 2004).

¶ 13 In *Whitfield*, the court held that where a defendant was not admonished before pleading guilty that an MSR term would be added to his sentence, he did not receive the benefit of his bargain. *Whitfield*, 217 Ill. 2d at 189. The remedy was to reduce his sentence by the length of the MSR term so that his sentence comported with the sentence he was told he would receive. *Id.* at 205.

¶ 14 The supreme court later imposed several significant restrictions on the *Whitfield* rule. In *People v. Morris*, 236 Ill. 2d 345, 366 (2010), the court held that *Whitfield* did not apply to cases that had become final before *Whitfield* was decided. In *People v. Evans*, 2013 IL 113471, ¶ 13, the court held that, given that every person is presumed to know the law, a defendant's claimed ignorance of the MSR provisions could not establish cause for failing to raise the issue earlier.

4

Then, in *People v. Boykins*, 2017 IL 121365, ¶ 21, the court held that, to satisfy due process, the circuit court's admonishments need only state that an MSR term will follow a defendant's release from prison; the admonishments need not expressly link MSR to the defendant's negotiated sentence.[1]

¶ 15    Here, the circuit court did tell defendant, before accepting his plea, that upon completion of his prison sentence, he "would do three years of mandatory supervised release." This was sufficient under *Boykin*. Thus, defendant's *Whitfield* claim fails on the merits.

¶ 16    We further note that, as we stated in the appeal from the denial of defendant's first petition, *Whitfield* does not govern defendant's case, as his conviction became final before *Whitfield* was decided. See *Morris*, 236 Ill. 2d at 366. Moreover, the only "cause" defendant cited for failing to raise the claim earlier was that he was unaware of the MSR term (despite the trial court's admonishment). However, a claim of ignorance of the law does not establish cause for not raising a claim sooner. *Evans*, 2013 IL 113471, ¶ 13.[2]

¶ 17    Finally, we note that the circuit court denied leave to file defendant's most recent petition on the ground of *res judicata*. *Res judicata* applies where there has been (1) a final judgment on the merits rendered by a court of competent jurisdiction, (2) identity of cause of action, and (3) an identity of parties or their privies. *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 335 (1996).

¶ 18    Arguably, the defendant's substantive claims were never "decided" where we found the issue forfeited in the former appeal and defendant's proposed first successive petition (which we

---

[1]*Boykins* acknowledged the court's earlier statement in *Morris* that *Whitfield* required " 'that defendants be advised that a term of MSR will be added to the actual sentence agreed upon in exchange for a guilty plea to the offense charged.' " *Boykins*, 2017 IL 121365, ¶ 14 (quoting *Morris*, 236 Ill. 2d at 367). The court explained that *Morris* did not establish "a bright-line rule *** to satisfy due process." *Id.* ¶ 21.
[2]Even if ignorance of the claim were a valid excuse, defendant's filings do not explain why he waited an additional 13 years to file a successive postconviction petition after counsel advised him to do so.

refer to for convenience as the second petition) was never filed. However, given the requirements for filing a successive petition, the only real issue in conjunction with the second petition was whether defendant could establish cause and prejudice. The circuit court held that he could not. Defendant never (as far as the record shows) appealed that judgment so it became final. Similarly, the only issue raised by the motion to file the present petition was whether defendant could establish cause and prejudice. The motion added nothing new on this issue save for a 13-year-old letter from defense counsel telling him what he was already presumed to know. Thus, the issue of cause was decided in the earlier proceeding and *res judicata* applied.

¶ 19 Defendant's proposed petition also contended that he should receive day-for-day good-time credit and that IDOC was unlawfully extending his sentence. These arguments are difficult to follow but appear to be related.

¶ 20 OSAD points out that the circuit court expressly told defendant at sentencing that his sentence would be subject to "truth in sentencing," which provides that "a prisoner who is serving a term of imprisonment for first degree murder *** shall receive no good conduct credit and shall serve the entire sentence imposed by the court." 730 ILCS 5/3-6-3(a)(2)(i) (West 2004). Thus, the trial court informed defendant that truth in sentencing applied and the statute clearly requires it. Moreover, as with the *Whitfield* issue, defendant's claimed ignorance of this provision does not provide cause for his failure to raise it earlier. See *Evans*, 2013 IL 113471, ¶ 13.

¶ 21 For the foregoing reasons, we grant OSAD's motion and affirm the circuit court's judgment.

¶ 22 Motion granted; judgment affirmed.

6