2021 IL App (1st) 200195-U

No. 1-20-0195

Order filed July 19, 2021

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 15 CR 2262 |
| | ) | |
| GREGORY RAYFORD | ) | Honorable |
| | ) | James B. Linn, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE PIERCE delivered the judgment of the court.
Justices Hyman and Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the circuit court's summary dismissal of defendant's *pro se* postconviction petition where defendant failed to state the gist of a claim that trial counsel was ineffective for not filing a motion to suppress his statement to police.

¶ 2    Defendant Gregory Rayford appeals from the circuit court's summary dismissal of his *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West Supp. 2019)). On appeal, defendant argues that his petition stated the gist of a claim that trial counsel was ineffective for failing to file a motion to suppress his statement to police because

the officers did not advise him of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). We affirm.

¶ 3    Following a bench trial, defendant was found guilty of possession of cocaine with intent to deliver (720 ILCS 570/401(a)(2)(B) (West 2014)), possession of heroin with intent to deliver (720 ILCS 570/401(c)(1) (West 2014)), and possession of cannabis (720 ILCS 550/4 (West 2014)). The court imposed concurrent terms of 11 years' and 4 years' imprisonment on the cocaine and heroin charges, respectively, and 30 days in the Cook County Department of Corrections, time considered served, on the cannabis charge.

¶ 4    At a pretrial proceeding, defense counsel advised the court that defendant had been "tendering legal documents." At a later proceeding, new defense counsel explained she and defendant had discussed a potential motion and she wished to speak to a witness whom she believed prior counsel had not contacted.

¶ 5    At trial, Chicago police officer Sergio Martinez testified that he helped execute a search warrant at a residence on the 5600 block of South Emerald Avenue, in Chicago, around 9:21 p.m. on January 15, 2015. Defendant, his grandmother, another man, and another woman were inside. Defendant was alone in a rear bedroom near the kitchen, and officers detained him. From a black plastic bag hanging in the closet, officers recovered a sandwich bag containing suspect crack cocaine, a sandwich bag containing multiple bags of suspect heroin, and a sandwich bag containing suspect cannabis. The closet also contained male clothing, but Martinez did not recall if it contained female clothing. Defendant was arrested, and Martinez Mirandized him in the presence of another officer. While in the bedroom, defendant indicated he understood his rights and stated that "everything that's in my room is mine." On cross-examination, Martinez testified that

defendant's statement was not memorialized or recorded, and $398 was also recovered from the closet.

¶ 6        Chicago police officer James Echols testified that he recovered the suspect narcotics and U.S. currency from the bedroom, three pieces of mail addressed to defendant in the kitchen, and some "grinders" in the pantry. The mail included a bill for magazine subscriptions dated January 3, 2015, an undated letter from the Secretary of State regarding an election to be held on February 24, 2015, and a cable bill dated February 5, 2014.[1]

¶ 7        The State entered a stipulation that a forensic chemist would testify that the narcotics tested positive for approximately 104 grams of cocaine, 3.3 grams of heroin, and 24.1 grams of cannabis.

¶ 8        In closing argument, the State argued that officers found defendant alone in the bedroom where the narcotics were discovered, defendant's statement in the bedroom regarded the narcotics, and the mail proved defendant's residency.

¶ 9        In concluding that the State proved defendant's possession of the narcotics, the court stated that the magazine subscription bill could be "junk mail," but the letter from the Secretary of State regarding an upcoming election was "a very clear indication" of defendant's residency. Moreover, the court stated that the cable bill, which the court explained had a billing date of January 8, 2014, and a due date of February 5, 2014, also indicated that defendant lived at the residence. The court further stated that it believed defendant's statement was an acceptance of responsibility for the narcotics, noting that defendant made the statement in the bedroom, which contained male

---

[1] The three pieces of mail were entered into evidence and impounded by the trial court. Although the mail is not included in the record on appeal in this collateral appeal, this court's order on defendant's direct appeal observed that the mail was directed to defendant at the South Emerald address. *People v. Rayford*, 2018 IL App (1st) 160650-U, ¶ 18.

clothing. The court found defendant guilty of possessing cocaine and heroin with the intent to deliver, and possessing cannabis.

¶ 10    Following a hearing, the court imposed 11 years' imprisonment for the cocaine charge, a concurrent 4 years' imprisonment for the heroin charge, and 30 days in the Cook County Department of Corrections, time considered served, for the cannabis charge.

¶ 11    Defendant appealed, arguing that the State did not prove his guilt beyond a reasonable doubt, his 11-year sentence was excessive, and the mittimus and order assessing fines, fees, and costs were incorrect. We corrected the mittimus and fines, fees, and costs order, and otherwise affirmed. *People v. Rayford*, 2018 IL App (1st) 160650-U.

¶ 12    On December 3, 2019, defendant filed a *pro se* petition for relief under the Act. Defendant alleged:

> "Petitioner was denied his right to the effective assistance of trial counsel where defense counsel led to a Fourteenth Amendment violation, failed to probative and value with facts, evidence 'assumed' but not found in the record. Defense counsel knew of previous ineffective assistance of counsel and tender of legal documents to previous counsel from defendant, knew of potential motion and failed to file of any [*sic*] motions."

¶ 13    Defendant continued that "[his] attorney was ineffective for infringment [*sic*] of Fourteenth Amendment right of equal protection."

¶ 14    Defendant attached an affidavit wherein he denied being Mirandized or providing a statement to the police officers. According to defendant, he tendered legal documents to his first attorney, which she acknowledged in court, and requested she file motions. Defendant further averred that he provided the same information and written motions to his second attorney, viewed

a photograph of "a messy room with drugs on a bed," and told counsel he did not know anything about it. Defendant also attached a Chicago police Narcotics Supplementary Report which reflects that he was arrested during the execution of the search warrant, Mirandized on the scene, and stated that "everything in my room is mine."

¶ 15    On December 18, 2019, the circuit court found that defendant's petition was without merit and summarily dismissed it, noting that the petition did not specify what motions his attorneys should have filed.

¶ 16    On appeal, defendant argues that the circuit court erred in summarily dismissing his petition because it stated the arguable basis of a claim that trial counsel was ineffective for failing to file a motion to suppress his statement where the officers did not Mirandize him.

¶ 17    The State responds that defendant's petition, even construed liberally, did not allege that trial counsel was ineffective for failing to file a motion to suppress. The State notes that, while defendant's affidavit states that he was not Mirandized, his petition only referenced his fourteenth amendment and equal protection rights, and alleged that trial counsel knew of an unspecified potential motion but did not file any motions.

¶ 18    The Act provides a means by which a defendant can assert a substantial denial of his constitutional rights in the proceedings that led to his conviction. 725 ILCS 5/122-1 *et seq.* (West Supp. 2019). Proceedings under the Act consist of three stages. *People v. Johnson*, 2018 IL 122227, ¶ 14. At the first stage, the circuit court reviews the postconviction petition to determine whether it states the gist of a constitutional violation, or is frivolous or patently without merit. *People v. Bailey*, 2017 IL 121450, ¶ 18 (citing 725 ILCS 5/122-2.1(a)(2) (West 2018)). The petition's allegations must be liberally construed and taken as true unless contradicted by the

record. *People v. Johnson*, 2021 IL 125738, ¶ 25; see also *People v. Rogers*, 197 Ill. 2d 216, 222 (2001) ("We have consistently upheld the dismissal of a post-conviction petition when the record from the original trial proceedings contradicts the defendant's allegations."). A petition is frivolous or patently without merit if it has no arguable basis in law or fact, and instead relies on a fanciful factual allegation or an indisputably meritless legal theory, such as one completely contradicted by the record. *People v. Boykins*, 2017 IL 121365, ¶ 9. We review summary dismissals of postconviction petitions *de novo*. *Id.* We may affirm on any basis in the record, regardless of the circuit court's reasoning. *People v. Walker*, 2018 IL App (1st) 160509, ¶ 23.

¶ 19　　The Act contains a forfeiture rule preventing a defendant from arguing a claim on appeal that was not included in his postconviction petition. *People v. Williams*, 2015 IL App (1st) 131359, ¶ 14 (citing 725 ILCS 5/122-3 (West 2018)). We are not free to overlook a defendant's forfeiture for failing to raise an issue in his petition. *People v. Jones*, 213 Ill. 2d 498, 508 (2004). Although the petition must " 'clearly set forth' " how a defendant's rights were violated, because a *pro se* defendant may be unaware of the precise legal basis for his claim, he need only allege enough facts to state a claim that is arguably constitutional. *People v. Mars*, 2012 IL App (2d) 110695, ¶ 32 (quoting *People v. Hodges*, 234 Ill. 2d 1, 9 (2009)). Accordingly, while the petition is construed liberally, "the pleading must bear some relationship to the issue raised on appeal," and a reviewing court will not "distort reality." *Id.*

¶ 20　　Defendant's petition claimed ineffective assistance where trial counsel knew of an unspecified potential motion but did not file any motions, thus infringing defendant's "Fourteenth Amendment right of equal protection." His affidavit stated that he was never Mirandized, and had provided information and motions to his attorneys. Construed liberally, defendant's averment that

he was never Mirandized suggests that the potential motion mentioned in his petition was a motion to suppress his statement on the ground that the officers did not Mirandize him before he gave the statement. See *People v. Richardson*, 234 Ill. 2d 233, 252 (2009) (fifth amendment's self-incrimination clause applies to states through fourteenth amendment's due process clause). Thus, defendant's petition alleged enough facts to make out a claim that is arguably constitutional, and is related to the issue on appeal. See *Mars*, 2012 IL App (2d) 110695, ¶ 32. Even accepting that defendant's claim is not forfeited, however, we find that the circuit court did not err in dismissing it.

¶ 21    A criminal defendant is entitled to effective assistance of trial counsel. U.S. Const., amends. VI, XIV; Ill. Const. 1970 art. I, § 8. To show that he received ineffective assistance, a defendant must demonstrate that counsel's performance was deficient, and the deficient performance prejudiced him. *People v. Cherry*, 2016 IL 118728, ¶ 24 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To establish deficient performance, "the defendant must overcome the strong presumption that the challenged action or inaction may have been the product of sound trial strategy." (Internal quotation marks omitted.) *People v. Manning*, 241 Ill. 2d 319, 327 (2011). To demonstrate prejudice, the defendant must show a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Cherry*, 2016 IL 118728, ¶ 24.

¶ 22    A postconviction petition alleging ineffective assistance of counsel may not be summarily dismissed if it is arguable that (1) "counsel's performance fell below an objective standard of reasonableness," and (2) "the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17. Broad,

conclusory allegations of ineffective assistance are insufficient under the Act. *People v. Delton*, 227 Ill. 2d 247, 258 (2008).

¶ 23    The fifth amendment protects criminal defendants from being compelled to be a witness against themselves. U.S. Const., amend. V. To safeguard that right, officers must advise a suspect in custody of certain rights prior to interrogation. *People v. Martin*, 2020 IL App (1st) 181217, ¶ 14 (citing *Miranda*, 384 U.S. at 444). Any statement by a suspect who was subject to a custodial interrogation but not advised of his *Miranda* rights may not be used against the suspect at trial. *Id.*

¶ 24    Whether to file a motion to suppress is typically a matter of trial strategy, and great deference is afforded to counsel's decision. *People v. Gayden*, 2020 IL 123505, ¶ 28; see also *Manning*, 241 Ill. 2d at 327 ("Matters of trial strategy are generally immune from claims of ineffective assistance of counsel." (internal quotation marks omitted)). A mistake in strategy or an error in judgment will only constitute defective performance if counsel failed to conduct meaningful adversarial testing of the State's case. *People v. Peterson*, 2017 IL 120331, ¶ 80. To succeed on a claim that trial counsel was ineffective for failing to file a motion to suppress, the defendant must establish that the motion was meritorious and there is a reasonable probability the trial outcome would have differed were the evidence suppressed. *Gayden*, 2020 IL 123505, ¶ 28. If the defendant cannot show that the unargued motion would have succeeded, he cannot establish that he was prejudiced by counsel's failure to file the motion. *People v. James*, 2021 IL App (1st) 180509, ¶ 16.

¶ 25    The State argues that defendant's petition did not allege that counsel was aware of his claim that the officers did not Mirandize him, and so counsel could not have been ineffective for failing to file a motion to suppress on that ground, comparing the case to *People v. Richardson*, 2015 IL

App (1st) 113075. In *Richardson*, the defendant's postconviction petition alleged that counsel was ineffective for failing to present evidence that he was mentally incapable of intelligently waiving his *Miranda* rights. *Richardson*, 2015 IL App (1st) 113075, ¶ 9. On appeal from summary dismissal, we noted that defendant did not allege in his petition or attest in an affidavit that counsel failed to have his mental capacity evaluated. *Id.* ¶ 29. Nor did the petition allege that counsel had defendant evaluated and obtained favorable evidence, and defendant did not attach a copy of any evaluation report or explain why he could not obtain such. *Id.* ¶ 30. We noted that "we cannot overlook factual omissions or supply them ourselves," where the defendant had filed an otherwise "remarkably cogent" petition "replete with legal arguments and citation to authorities," and affirmed. *Id.* ¶¶ 28-29, 33-35.

¶ 26     The State argues here, that, as in *Richardson*, defendant failed to allege facts that would support a claim of ineffective assistance, namely, that counsel knew defendant would testify that he had not been Mirandized. While neither defendant's petition nor affidavit explicitly alleges that he informed counsel he had not been Mirandized, the petition and affidavit alleged that he was not Mirandized and did not provide a statement, and also that trial counsel knew of a potential motion from information and documents defendant tendered. Further, defendant's petition is unlike the "remarkably cogent" one filed in *Richardson*. *Id.* ¶ 28. Consequently, construed liberally, defendant's petition alleged that trial counsel knew of his claim that he had not been Mirandized.

¶ 27     However, even accepting that counsel was deficient for failing to file the motion and the motion would have been successful, defendant has not shown that he was arguably prejudiced where he still would have been convicted absent his statement. See *Gayden*, 2020 IL 123505, ¶ 28 (to succeed on claim that counsel was ineffective for failing to file motion to suppress, defendant

must establish reasonable probability the trial outcome would have differed were the evidence suppressed).

¶ 28    As defendant was not found with personal, present dominion over the narcotics, the State was required to prove that he constructively possessed them, namely, that he knew of their presence and controlled the area where they were found. *People v. Hunter*, 2013 IL 114100, ¶ 19. Constructive possession may be proven by circumstantial evidence. *People v. Maldonado*, 2015 IL App (1st) 131874, ¶ 23. Habitation in the premises where contraband is found establishes sufficient control to constitute constructive possession. *People v. Spencer*, 2012 IL App (1st) 102094, ¶ 17. In turn, the discovery of narcotics in premises controlled by a defendant may support the inference that the defendant "had the requisite knowledge and possession, absent other facts and circumstances which might create a reasonable doubt as to defendant's guilt." *People v. Bui*, 381 Ill. App. 3d 397, 419 (2008).

¶ 29    Here, Martinez testified that defendant was discovered alone in a bedroom near the kitchen. The closet contained men's clothing, and officers recovered the narcotics from a black bag hanging in the closet. Three pieces of mail addressed to defendant were found in the kitchen, including a magazine subscription bill dated January 3, 2015, an undated letter from the Secretary of State regarding an election to be held February 24, 2015, and a cable bill referencing January 8, 2014 and February 5, 2014. That evidence supported defendant's residency. See *Maldonado*, 2015 IL App (1st) 131874, ¶ 29 (when a defendant is present during execution of a search warrant, "it is clear from existing case law that mail addressed to a defendant found where contraband is recovered may be sufficient to allow an inference of residency, and thereby control"). Absent other facts and circumstances creating a reasonable doubt, defendant's knowledge and possession of the

narcotics may therefore be inferred. *Bui*, 381 Ill. App. 3d at 419. Where defendant was the bedroom's only occupant and the narcotics were discovered in the closet with men's clothing, no other facts or circumstances create a reasonable doubt of his knowledge and possession of the narcotics.

¶ 30 Further, while the State argued in closing argument that defendant's statement regarded the narcotics, it first argued that defendant was found alone in the bedroom with the narcotics, and later argued that the mail established defendant's residency. Similarly, while the trial court explained that it took defendant's statement as an acceptance of responsibility for the narcotics, the court also noted that the bedroom contained male clothing, and, prior to discussing the statement, found that the mail in the kitchen indicated defendant's residency.

¶ 31 Consequently, the trial court would not have found that defendant did not possess the narcotics had his statement been suppressed. Moreover, defendant's statement was not the only evidence of his intent to deliver the cocaine and heroin; rather, the amount and combination of narcotics, packaging, and presence of cash supported an inference of intent to deliver. See *People v. Ellison*, 2013 IL App (1st) 101261, ¶¶ 14, 18-20. Thus, there is not a reasonable probability that the outcome of the trial would have differed had defendant's statement been suppressed. Defendant's petition, therefore, does not make an arguable showing that he was prejudiced by counsel's failure to file the motion, and the circuit court did not err in dismissing it. *Hodges*, 234 Ill. 2d at 17.

¶ 32 For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 33 Affirmed.