NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 200368-U

NO. 4-20-0368

IN THE APPELLATE COURT

FILED
January 7, 2022
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| MARVIN E. CLARK, | ) | No. 08CF1319 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Turner and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court reversed and remanded for further proceedings, concluding
defendant stated the gist of a constitutional claim his plea of guilty was not
voluntary and the circuit court erroneously dismissed his postconviction petition
at the first stage of proceedings.

¶ 2    Defendant, Marvin E. Clark, appeals from the Champaign County circuit court's

dismissal of his *pro se* petition for relief under the Post-Conviction Hearing Act (Postconviction

Act) (725 ILCS 5/122-1 to 122-7 (West 2018)) at the first stage of proceedings. Defendant

argues he set forth the gist of a claim his constitutional rights were violated in that his guilty plea

was not knowingly and voluntarily entered and he did not receive the benefit of his negotiated

plea agreement with the State. The State argues defendant forfeited any claim his guilty plea was

not knowing and voluntary or alternatively, he failed to state the gist of a constitutional claim.

We reverse the circuit court's judgment and remand for second-stage postconviction proceedings.

¶ 3                                        I. BACKGROUND

¶ 4        In July 2008, defendant, who was 15 years old, was charged by information with two counts of aggravated criminal sexual assault, Class X felonies (720 ILCS 5/12-14(a)(2), (b) (West 2006)) (renumbered as 720 ILCS 5/11-1.30 by Pub. Act 96-1551, art. 2, § 5 (eff. July 1, 2011)) (counts I and II). At defendant's arraignment, he was advised he faced a possible prison sentence of 16 to 40 years, to be followed by a period of 3 years' mandatory supervised release (MSR).

¶ 5        In January 2009, defendant pleaded guilty to count I (*id.* § 12-14(a)(2)). Prior to pleading guilty, the circuit court admonished defendant he faced between 6 and 30 years in prison, which would be followed by 3 years of MSR. In exchange for defendant's plea of guilty, the State agreed to dismiss count II and recommend a 10-year prison sentence. In explaining the plea agreement, the assistant state's attorney noted, per the Sex Offender Registration Act (SORA) (730 ILCS 150/1 to 12 (West 2008)), defendant would be required, *inter alia*, to register as a sexual predator for his natural life. Following the State's presentation of the factual basis, the circuit court accepted defendant's plea as knowing and voluntary.

¶ 6        On July 21, 2020, defendant *pro se* filed a postconviction petition, arguing he suffered the following violations of his constitutional rights. First, defendant argued despite having completed 85% of his sentence, he was still incarcerated because he would not have housing upon his release and the Department of Corrections therefore could not release him to an appropriate housing situation in light of restrictions he faced as a registered sex offender. Citing section 5-8-1(d)(4) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-8-1(d)(4)

(West 2018)), defendant noted he was subject to an indeterminate term of MSR of three years to life, meaning that he potentially faced natural life incarceration for an offense he committed as a juvenile. Defendant argued under the United States Supreme Court's holding in *Miller v. Alabama*, 567 U.S. 460 (2012), this indeterminate sentence violated his rights under the eighth amendment to the United States Constitution (U.S. Const., amend. VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11).

¶ 7 Second, defendant argued he was denied due process in the proceedings leading to his guilty plea because he was not informed he faced an indeterminate term of MSR. Defendant argued he did not agree to an indeterminate term of MSR and would not have pleaded guilty had he been properly advised of that fact. In facing this indeterminate term, rather than the three years of MSR for which he was admonished, defendant argued he did not receive the benefit of his negotiated plea agreement with the State.

¶ 8 One week later, the circuit court entered a written order dismissing the petition as frivolous and patently without merit.

¶ 9 This appeal followed.

¶ 10 II. ANALYSIS

¶ 11 On appeal, defendant argues the circuit court erroneously dismissed his petition at the first stage of proceedings because he stated the gist of a claim his constitutional rights were violated when the circuit court incorrectly admonished him regarding his MSR term and therefore (1) his plea was not knowingly and voluntarily entered, or alternatively, (2) he did not receive the full benefit of his plea agreement with the State. The State responds defendant forfeited any argument his guilty plea was not knowing and voluntary by failing to adequately raise it in his postconviction petition. Alternatively, the State argues if this court finds

defendant's argument was not forfeited, defendant failed to demonstrate he was prejudiced by the circuit court's improper admonishment regarding his MSR term and therefore failed to state the gist of a constitutional claim the plea was not voluntary or that he did not receive the benefit of his agreement with the State. We agree with defendant that he has stated at least the gist of a constitutional claim his plea was not knowingly and voluntarily entered based on the circuit court's incorrect MSR admonishment.

¶ 12                          A. Postconviction Proceedings

¶ 13          The Postconviction Act provides a means by which criminal defendants can assert their convictions were the result of a substantial denial of their rights under the federal or state constitutions, or both. *People v. Guerrero*, 2012 IL 112020, ¶ 14, 963 N.E.2d 909. The Postconviction Act establishes a three-stage process for adjudicating a postconviction petition. *People v. English*, 2013 IL 112890, ¶ 23, 987 N.E.2d 371. At the first stage, the trial court's review of the postconviction petition is to determine whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2018). A *pro se* postconviction petition is considered frivolous or patently without merit only if it " 'has no arguable basis either in law or in fact.' " *People v. Brown*, 236 Ill. 2d 175, 184-85, 923 N.E.2d 748, 754 (2010) (quoting *People v. Hodges*, 234 Ill. 2d 1, 16, 912 N.E.2d 1204, 1212 (2009)). The threshold for surviving the first stage of postconviction proceedings is low; the petition need only present "the gist of a constitutional claim." *People v. Harris*, 224 Ill. 2d 115, 126, 862 N.E.2d 960, 967 (2007). This court reviews the dismissal of a postconviction petition at the first stage of proceedings *de novo*. *People v. Buffer*, 2019 IL 122327, ¶ 12, 137 N.E.3d 763.

¶ 14                          B. Guilty Pleas

¶ 15　　　　　A criminal defendant seeking relief from his guilty plea in a collateral proceeding may raise the following constitutional challenges: "(1) that the plea of guilty was not made voluntarily and with full knowledge of the consequences, and (2) that defendant did not receive the benefit of the bargain he made with the State when he pled guilty." *People v. Whitfield*, 217 Ill. 2d 177, 183-84, 840 N.E.2d 658, 663 (2005). With respect to the first type of claim, "[g]enerally, due process requires that in order for a defendant to knowingly and voluntarily plead guilty, a defendant must be advised of the direct consequences of a guilty plea." *People v. Hughes*, 2021 IL 112817, ¶ 35, 983 N.E.2d 439. "[A] direct consequence of a guilty plea is one which has a definite, immediate and largely automatic effect on the range of a defendant's sentence." *Id.*

¶ 16　　　　　Specifically, prior to accepting a defendant's plea of guilty, the trial court must admonish the defendant of "the minimum and maximum sentence prescribed by law." Ill. Rev. Stat. 1991, ch. 110A, ¶ 402 (recodified as Illinois Supreme Court Rule 402(a)(2) (eff. July 1, 2012)). "To substantially comply with Rule 402 and due process where a defendant enters into a negotiated plea for a specific sentence, the trial court must advise the defendant, prior to accepting his plea, that a term of MSR will be added to the sentence." *People v. Boykins*, 2017 IL 121365, ¶ 13, 93 N.E.3d 504. Our supreme court in *Boykins* explained that Rule 402 and due process "require[ ] that defendants be advised that a term of MSR will be added to the actual sentence agreed upon in exchange for a guilty plea to the offense charged." (Internal quotation marks omitted.) *Id.* (quoting *People v. Morris*, 236 Ill. 2d 345, 367, 925 N.E.2d 1069, 1082 (2010)).

¶ 17　　　　　A trial court's failure to properly admonish a defendant as to the correct sentencing range, including any term of MSR prescribed by the Unified Code, may render the

defendant's plea involuntary under certain circumstances. See, *e.g.*, *People v. Davis*, 145 Ill. 2d 240, 251, 582 N.E.2d 714, 719 (1991); *People v. McCracken*, 237 Ill. App. 3d 519, 521, 604 N.E.2d 1104, 1106 (1992). However, "the failure to properly admonish a defendant, standing alone, does not automatically establish grounds for reversing the judgment or vacating the plea. [Citation.] Rather, a reviewing court focuses on whether the guilty plea was affirmatively shown to have been made voluntarily and intelligently." *People v. Delvillar*, 235 Ill. 2d 507, 520, 922 N.E.2d 330, 338 (2009).

¶ 18                                    C. This Case

¶ 19            First, we disagree with the State's argument defendant forfeited any claim on appeal his plea was not knowing and voluntary by failing to raise it in his postconviction petition. See 725 ILCS 5/122-3 (West 2018) (stating any claim not raised in the original or amended petition is forfeited). In his petition, defendant specifically argued "the court's failure to advise [him], on the record, concerning the MSR term is a reversible error and a violation of due process." Defendant additionally alleged he "would not have pled guilty if [he was] fully admonished of a 3 to life mandatory MSR term imposing an indeterminate sentence upon the completion of the agreed upon 10 year prison term at 85%." Given this court's duty to liberally construe the allegations in the petition at the first stage of proceedings (*Harris*, 224 Ill. 2d at 126), we find defendant adequately raised the issue of the voluntariness of his guilty plea to allow for appellate review.

¶ 20            Next, we find defendant sufficiently stated the gist of a constitutional claim his plea was not knowing and voluntary because the circuit court failed to properly admonish defendant he would be required to serve a term of MSR that could potentially span his natural life. The circuit court admonished defendant that in addition to his sentence, he would be

required to serve a three-year MSR term. This was a remarkable discrepancy from the statutorily mandated MSR term of three years *to natural life*. See 730 ILCS 5/5-8-1(d)(4) (West 2018). Further, we reject the State's argument this case is analogous to *People v. Andrews*, 403 Ill. App. 3d 654, 936 N.E.2d 648 (2010), and *People v. Dorsey*, 404 Ill. App. 3d 829, 942 N.E.2d 535 (2010). In both of those cases, the trial courts accurately stated the MSR terms applicable to those defendants in their discussion of the minimum and maximum penalties connected with the charged offenses. *Andrews*, 403 Ill. App. 3d at 656 (concluding the trial court correctly informed the defendant a one-year term of MSR would follow any term of imprisonment); *Dorsey*, 404 Ill. App. 3d at 831 (concluding the trial court correctly informed the defendant a three-year term of MSR would follow any term of imprisonment). In contrast, the circuit court in this case, when admonishing defendant, objectively *misstated* the MSR term applicable to him. Although "[t]he trial court's MSR admonishments need not be perfect, *** they must substantially comply with the requirements of Rule 402 and the precedent of this court." *Morris*, 236 Ill. 2d at 367. The circuit court's significant misstatement here rendered its admonishments deficient under Rule 402, and because, under first-stage post-conviction proceedings we take as true petitioner's statement he would not have pleaded guilty but for this inaccurate admonishment, we conclude his petition sufficiently stated the gist of a claim his due process rights were violated. Accordingly, we reverse the circuit court's judgment and remand for second-stage postconviction proceedings.

¶ 21        Because we reverse and remand this cause for further proceedings based on the court's improper MSR admonishments, we need not reach defendant's additional argument on appeal regarding whether he received the full benefit of his plea agreement with the State.

¶ 22                                III. CONCLUSION

¶ 23        For the reasons stated, consistent with Illinois Supreme Court Rule 23(b) (eff. Jan.

1, 2021), we reverse the judgment of the Champaign County circuit court and remand for

second-stage postconviction proceedings.

¶ 24        Reversed and remanded.