NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250203-U

NO. 4-25-0203

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 12, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Ford County |
| GEORGE L. DELGADO, | ) | No. 15CF51 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Matthew John Fitton, |
| | ) | Judge Presiding. |

JUSTICE VANCIL delivered the judgment of the court.
Justices Zenoff and Knecht concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court reversed and remanded for further proceedings, concluding defendant's postconviction petition provided allegations that, taken as true, were sufficient to demonstrate a substantial violation of his right to due process after the trial court admonished him of an incorrect mandatory supervised release term prior to accepting his guilty plea.

¶ 2   Defendant, George L. Delgado, appeals the second-stage dismissal of his petition for postconviction relief pursuant to section 122-1 of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 (West 2024)). Defendant argues his due process rights were violated in that his guilty plea was not knowingly and voluntarily entered because the trial court admonished him of a mandatory supervised release (MSR) period of only three years and the subsequent sentence included an MSR period of three years to natural life. We reverse the trial court's judgment and remand for third-stage postconviction proceedings.

¶ 3   I. BACKGROUND

¶ 4        On September 8, 2015, defendant pleaded guilty to one count of criminal sexual assault, a Class 1 felony. 720 ILCS 5/11-1.20(a)(1) (West 2014).At the plea hearing, the trial court stated defendant had reached an agreement with the State in which he would be sentenced to six years in the Illinois Department of Corrections (DOC). The court added, "[Defendant] would also have three years [of MSR], and that could be three years of [MSR]." Defendant was sentenced in accordance with the agreement of six years in DOC, to be served at 85% and concurrently with a two-year sentence in a separate case. Defendant was also sentenced to a statutorily mandated MSR term of three years to life. See 730 ILCS 5/5-8-1(d)(4) (West 2014).

¶ 5        On December 14, 2017, defendant filed a timely *pro se* petition for postconviction relief pursuant to section 122-1 of the Act (725 ILCS 5/122-1 (West 2016)). The petition alleged defendant was informed by his attorney that the State had offered a plea bargain of six years in DOC, to be served at 50%, with only two years of MSR. He claimed he first learned the sentence was to be served at 85%, with an MSR term of three years to life, when he received a sentence calculation sheet at Joliet's Northern Receiving Center. He alleged the guilty plea was a product of ineffective assistance of counsel, the guilty plea was not intelligently made, and the plea agreement was breached. The matter proceeded by law to the second stage of postconviction proceedings. See 725 ILCS 5/122-2.1(a), (b) (West 2018).

¶ 6        A hearing on the petition was held on May 6, 2024. Defense counsel argued the trial court's admonishment at sentencing stated the deal included an MSR term of three years, not three years to life, and thus, the plea was not intelligently made. He also argued defendant was denied the right to effective assistance of counsel because his plea attorney did not inform him about the correct MSR term. The court stated the trial court's MSR admonition did not need to be perfect, it only needed to substantially comply with Illinois Supreme Court Rule 402 (eff.

July 1, 2012), and the trial court did so in this case by noting that an MSR term would be added to defendant's sentence. The court also stated it did not believe defendant "had no way of being aware of" the fact that the sentence included an MSR term of three years to life. Accordingly, it dismissed his petition.

¶ 7        On June 3, 2024, defense counsel filed a motion to reconsider, stating the trial court's decision was "contrary to case law and facts with regard to sentences that are void." A hearing on the motion was held on January 28, 2025, and the court denied the motion.

¶ 8        This appeal followed.

¶ 9                                II. ANALYSIS

¶ 10        This appeal follows the dismissal of a postconviction proceeding at the second stage. "The question raised in an appeal from an order dismissing a postconviction petition at the second stage is whether the allegations in the petition, liberally construed in favor of the petitioner and taken as true, are sufficient to invoke relief under the Act." *People v. Sanders*, 2016 IL 118123, ¶ 31. The petitioner is entitled to relief under the Act when "in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122-1(a)(1) (West 2024). At this stage, all factual allegations that are not positively rebutted by the record must be accepted as true. *People v. Domagala*, 2013 IL 113688, ¶ 35. An allegation is positively rebutted only if it is clear from the record that no trier of fact could believe its veracity. *People v. Robinson*, 2020 IL 123849, ¶ 60. The second-stage dismissal of a petition is reviewed *de novo*. *Sanders*, 2016 IL 118123, ¶ 31.

¶ 11        In his petition, defendant asserted the trial court breached Rule 402, in violation of his due process rights. A guilty plea must be affirmatively shown to have been made

- 3 -

voluntarily and intelligently to satisfy due process. *People v. Burt*, 168 Ill. 2d 49, 64 (1995); see *Boykin v. Alabama*, 395 U.S. 238 (1969). Rule 402 was adopted to ensure due process compliance. *Burt*, 168 Ill. 2d at 64.  Rule 402 requires the trial court to inform defendants of the rights they relinquish by pleading guilty, as well as the consequences of the plea. Ill. S. Ct. R. 402(a) (eff. July 1, 2012). Substantial compliance with Rule 402 is sufficient to establish due process, and " '[t]he admonition is sufficient if an ordinary person in the circumstances of the accused would understand it to convey the required warning.' " *People v. Morris*, 236 Ill. 2d 345, 366 (2010) (quoting *People v. Williams*, 97 Ill. 2d 252, 269 (1983)); see *People v. Whitfield*, 217 Ill. 2d 177, 195 (2005). An imperfect admonishment is not reversible error unless real justice has been denied or the defendant has been prejudiced by the inadequate admonishment. *People v. Fuller*, 205 Ill. 2d 308, 323 (2002); *Burt*, 168 Ill. 2d at 64; *People v. Davis*, 145 Ill. 2d 240, 250 (1991).

¶ 12        This court has previously held that an incorrect admonishment of three years of MSR is deficient when the trial court's subsequent sentence includes a mandatory MSR period of three years to natural life. *People v. Clark*, 2022 IL App (4th) 200368-U, ¶ 20. We see no compelling reason to depart from our holding in *Clark*. This case similarly involves an admonition of an MSR period of three years prior to sentencing defendant to a statutorily mandated MSR period of three years to natural life. The State argues that the court implied the three-year term was only a minimum in its admonition because it stated, "[T]hat *could* be three years of [MSR]." (Emphasis added). Despite this, we do not believe the admonition was sufficient. An ordinary person in defendant's circumstances would not understand this warning to mean an indeterminate MSR period of three years to life. The admonition could equally be understood to mean a period of zero to three years. We agree with *Clark* that there is a

remarkable discrepancy between an MSR period of three years and three years to natural life, and the admonishment was therefore deficient. See *id*.

¶ 13　　　We must now determine whether real justice has been denied or defendant has been prejudiced by the inadequate admonishment. See *Fuller*, 205 Ill. 2d at 323. Defendant claimed in his petition that he would not have pled guilty if the trial court had provided the correct admonishment. We do not find anything in the record to positively rebut this assertion. Because we must accept all facts in the petition not positively rebutted as true, we find defendant has adequately pled that he was prejudiced by the inadequate admonishment.

¶ 14　　　We therefore find the allegations in defendant's petition, taken as true, demonstrate there was a substantial denial of his right to due process, and the allegations were therefore sufficient to invoke relief under the Act. See *Sanders*, 2016 IL 118123, ¶ 31; 725 ILCS 5/122-1(a)(1) (West 2024). Accordingly, we reverse the trial court's judgment and remand for third-stage postconviction proceedings.

¶ 15　　　Defendant presents additional issues on appeal. Because we reverse and remand this cause for further proceedings based on the trial court's improper MSR admonishments, we need not reach these issues.

¶ 16　　　　　　　　　　　　III. CONCLUSION

¶ 17　　　For the reasons stated, we reverse the trial court's judgment and remand for third-stage postconviction proceedings.

¶ 18　　　Reversed and remanded.