THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LORENZO BASSETTE, Defendant-Appellant.

Fourth District    No. 4—07—0528

Opinion filed April 28, 2009.—Rehearing denied July 9, 2009.

Michael J. Pelletier, of State Appellate Defender's Office, of Springfield, and Daniel M. Kirwan and Lawrence J. O'Neill, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William A. Yoder, State's Attorney, of Bloomington (Patrick Delfino, Stephen E. Norris, and David Murrell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In April 2006, defendant, Lorenzo Bassette, agreed to admit violating the terms of his probation by willfully failing to complete domestic-violence counseling. In exchange for defendant's admission, the State agreed to forego prosecution on several other petitions to revoke his probation. Following the State's factual-basis presentation, the trial court accepted defendant's admission and later resentenced him to two years in prison.

Defendant appeals, arguing that the trial court erred by revoking his probation because "the evidence showed that [his] failure to obtain the required domestic[-]violence assessment and counseling was due to his poverty, and not to any willful acts" on his part. We disagree and affirm.

## I. BACKGROUND

In December 2004, defendant pleaded guilty to domestic battery (720 ILCS 5/12—3.2(a)(2) (West Supp. 2003)). The trial court thereafter sentenced him to 180 days in jail and 30 months' probation. Part of defendant's plea agreement required him to "obtain [a domestic-violence] assessment and complete treatment by [the date of his] review hearing." The court ordered him to do so as a condition of his probation.

Between May 2005 and April 2006, the State filed four petitions to revoke defendant's probation, asserting that he had violated the terms

of his probation by (1) failing to report to his probation officer, (2) failing to complete his court-ordered domestic-violence training, (3) consuming alcohol, (4) using cocaine and cannabis, and (5) failing to complete his substance-abuse evaluation.

At an April 2006 hearing, the parties presented an agreement to the trial court in which defendant would admit that he violated the terms of his probation by willfully failing to complete domestic-violence counseling. In exchange, the State agreed to forego prosecution on the other probation violations. After the court admonished defendant and obtained confirmation that he understood the terms of the agreement in accordance with Supreme Court Rule 402A (210 Ill. 2d Rs. 402A(a), (b)) (eff. November 1, 2003), the State presented the following factual basis:

> "[PROSECUTOR]: [I]f this case were to go to hearing, the [S]tate would first present evidence that the defendant was placed on a term of probation on or about *** December *** 2004. The [S]tate would present evidence that a condition of his probation was that he was to undergo an assessment for the domestic[-]violence protocol and complete any and all recommended treatment by the remission date[,] which was set at February 3rd of 2005. The [S]tate could further present evidence through the probation officer assigned to this case *** that the defendant some time before February 3[,] *** 2005, did undergo a domestic[-]violence assessment and was ordered to complete treatment. However, [defendant] did not do so. Then in November *** 2005[, he] was reassessed for the treatment [and] again ordered to complete the treatment.
>
> Obviously, [defendant] did not do so by February 3[,] *** 2005. Further, he started the treatment *** in late 2006, did not complete the treatment, and at this point today [he] would be required to completely *** restart the treatment.
>
> COURT: Okay. Do you agree, [defense counsel], that the [S]tate has witnesses who, if called, would testify substantially as indicated.
>
> [DEFENSE COUNSEL]: Yes."

The trial court then accepted defendant's admission. Following a June 2007 sentencing hearing, the court resentenced defendant to two years in prison.

This appeal followed.

## II. DEFENDANT'S CLAIM THAT THE TRIAL COURT ERRED BY REVOKING HIS PROBATION

Defendant argues that the trial court erred by revoking his probation because "the evidence showed that [his] failure to obtain the required domestic[-]violence assessment and counseling was due to his poverty, and not to any willful acts" on his part. Specifically, defendant

contends that the State's factual basis for his admission to the petition to revoke his probation was insufficient to prove that he willfully failed to comply with the terms of his probation. We strongly disagree.

## A. Supreme Court Rule 402A

In October 2003, the supreme court adopted Rule 402A (210 Ill. 2d R. 402A) governing admissions or stipulations in proceedings to revoke probation, conditional discharge, or supervision. Rule 402A is very similar to Supreme Court Rule 402, which governs pleas of guilty or stipulations sufficient to convict. Of particular importance for this case, paragraph (c) of Rule 402A is essentially identical to paragraph (c) of Rule 402, in that both require that the trial court should not revoke probation or enter a final judgment on a plea of guilty "without first determining that there is a factual basis" for the defendant's admission or stipulation or guilty plea. 210 Ill. 2d R. 402A(c) (eff. November 1, 2003); 177 Ill. 2d R. 402(c). Accordingly, we conclude that the law governing what constitutes an appropriate factual basis for a guilty plea under Rule 402(c) applies as well as to what constitutes an appropriate factual basis for an admission or stipulation in proceedings to revoke probation under Rule 402A.

## B. The Factual Basis in This Case

We earlier noted that defendant argues the trial court erred by revoking his probation because "the evidence showed that [his] failure to obtain the required domestic[-]violence assessment and counseling was due to his poverty, and not to any willful acts" on his part. This argument reveals a fundamental misunderstanding by defendant regarding the nature of the factual basis required for a guilty plea—or, as in this case, an admission to a petition to revoke probation. A prosecutor's statement of a factual basis does not constitute "evidence." Nor is the prosecutor's statement of the factual basis the equivalent of a trial, at which the State must present evidence proving beyond a reasonable doubt each of the elements of the offense with which the defendant is charged.

In *In re C.K.G.*, 292 Ill. App. 3d 370, 685 N.E.2d 1032 (1997), this court discussed the law governing the recitation of a factual basis as required by Rule 402(c) in the context of a juvenile delinquency adjudication where the respondent admitted to the charge of aggravated discharge of a firearm. In *C.K.G.*, we noted that because the guilty plea proceeding was not a trial on the merits, "the State's Attorney did not need to present all—or even most—of the evidence he possessed in support of respondent's guilt of the charge to which he was offering to admit." *C.K.G.*, 292 Ill. App. 3d at 376, 685 N.E.2d at 1036. Our discussion in *C.K.G.* applies fully to the present case.

Based upon the cases we cited in *C.K.G.*, we noted that the " 'requirement that the court determine the factual basis for the plea is satisfied *if there is a basis anywhere in the record* from which the court could reasonably reach the conclusion that the defendant actually committed the acts with the intent required to constitute the offense to which the defendant is pleading guilty.' " (Emphasis in original.) *C.K.G.*, 292 Ill. App. 3d at 376, 685 N.E.2d at 1036, quoting *People v. James*, 233 Ill. App. 3d 963, 971, 599 N.E.2d 960, 966 (1992).

Further, "when determining whether a factual basis exists, [the trial] court need not 'ferret out possible defenses for the defendant' and may accept a guilty plea even when the defendant maintains complete innocence." *C.K.G.*, 292 Ill. App. 3d at 376, 685 N.E.2d at 1036, quoting *People v. Smith*, 113 Ill. App. 3d 917, 924-25, 446 N.E.2d 876, 881 (1983).

Here, defendant's argument is flawed in two ways. Contrary to the above authority, defendant's argument assumes that the State's factual basis was required to explicitly prove each element of the probation violation with which he was charged. However, defendant's admission to the petition to revoke his probation was not a trial on the merits, and the State was not required to present all of the evidence it had in support of that petition.

If defendant really believed that the State's case was deficient, he could have requested a hearing on the merits of the State's petition, which the trial court informed him he was waiving by his admission. No one forced him to admit violating his probation. He did so because he wanted the deal that he made with the State—at least at the time he made it—that the State would dismiss the other pending petitions.

When, as here, a defendant challenges the sufficiency of the factual basis, the standard of review is whether the trial court abused its discretion by determining that a factual basis was shown for the admission. *C.K.G.*, 292 Ill. App. 3d at 376-77, 685 N.E.2d at 1036. An abuse of discretion occurs when no reasonable person would agree with the decision or the decision is arbitrary, unreasonable, or unconscionable. *People v. Vercolio*, 363 Ill. App. 3d 232, 237, 843 N.E.2d 417, 421-22 (2006).

Given this standard, the record is completely devoid of any basis for concluding that the trial court abused its discretion when it determined that the State presented a factual basis for defendant's admission. The State fully complied with Rule 402A(c)'s requirement to provide a factual basis when it explained that (1) defendant was on probation, (2) completing domestic-violence counseling was a requirement of defendant's probation, and (3) defendant did not complete

domestic-violence counseling. The State was not somehow required to address how it would prove that defendant's failure to comply with a condition of his probation was willful. As earlier stated, if defendant thought he was getting a "bum deal" because his failure to comply was not willful, his remedy was to not admit the petition's allegations.

Defendant contends that his testimony at the sentencing hearing—that he could not afford to pay for the domestic-violence treatment because he had lost his job—supports his claim that the State's representation regarding the factual basis was deficient. Defendant asserts the following:

> "The record clearly establishes [defendant] was indigent. Moreover, the State did not rebut [defendant's] express claim that he did not comply with the terms of his probation due to his poverty, or show that [defendant] could have received domestic[-]counseling services without charge."

This contention is completely without merit.

During a proceeding in which a defendant is offering either to plead guilty or to admit the allegations of a petition to revoke probation, the focus of the trial court (and this court) must be on the record made at that time. A trial court's admonitions pursuant to Rule 402 and Rule 402A will be judged based upon what the court said during that proceeding, as will be the representations of the prosecutor regarding a factual basis. Matters occurring subsequently will not be considered when determining whether the court properly complied with either Rule 402 or 402A. If a court's admonitions at the guilty-plea hearing are deficient under Rule 402, that deficiency cannot be overcome by the court's later remarks or explanations at the sentencing hearing; similarly, a proceeding that complies with Rule 402 or Rule 402A, specifically including representations concerning a factual basis, cannot be undone by representations or evidence presented in subsequent proceedings. Thus, defendant's claims at his sentencing hearing are totally beside the point when assessing whether this trial court complied with Rule 402A. As we have explained, the court did so, and nothing the defendant could later say could change that fact.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment. As part of our judgment we award the State its $50 statutory assessment against defendant as costs of this appeal.

Affirmed.

McCULLOUGH, P.J., and TURNER, J., concur.