NOTICE
This Order was filed under Su-
preme Court Rule 23 and is not
precedent except in the limited
circumstances allowed under
Rule 23(e)(1).

2022 IL App (4th) 210737-U

NO. 4-21-0737

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 20, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Pike County |
| WILLIAM E. GWARTNEY, | ) | Nos. 17CF36 |
| Defendant-Appellant. | ) | 17CM167 |
| | ) | |
| | ) | Honorable |
| | ) | John F. McCartney, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices DeArmond and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant was not denied the benefit of his bargain because of the circuit
court's MSR admonishment.

¶ 2    In March 2017, the State charged defendant, William E. Gwartney, by infor-
mation with one count of unlawful possession of methamphetamine (720 ILCS 646/60(b)(1)
(West 2016)) in Pike County case No. 17-CF-36. At a June 2017 hearing, defendant pleaded
guilty to the charge, and the Pike County circuit court sentenced him to 24 months' first-offender
probation. In December 2017, the State charged defendant by information with one count of bat-
tery (720 ILCS 5/12-3(a)(2) (West 2016)) and one count of assault (720 ILCS 5/12-1(a) (West
2016)) in Pike County case No. 17-CM-167. The State also filed a petition to revoke defendant's
probation in case No. 17-CF-36 based on the new charges in case No. 17-CM-167. At a March
2018 hearing, defendant pleaded guilty pursuant to a plea agreement to the battery charge in case

No. 17-CM-167 and admitted the probation violation in case No. 17-CF-36.  The court sentenced defendant to a new term of 24 months' probation on both charges.  In November 2018, the State filed another petition to revoke defendant's probation based on five allegations, and defendant later admitted the petition.  At a July 2021 hearing, the court accepted the parties' sentence agreement and sentenced defendant to three years' imprisonment with a one-year term of mandatory supervised release (MSR) in case No. 17-CF-36 and 300 days in jail in case No. 17-CM-167.

¶ 3        Defendant appeals, contending the circuit court did not comply with Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003) which resulted in him being denied the benefit of his bargain with the State.  We affirm.

¶ 4                                I. BACKGROUND

¶ 5                              A. Case No. 17-CF-36

¶ 6        The State's unlawful possession of methamphetamine charge was based on defendant's actions on March 22, 2017.  The charging document noted the charge was a Class 3 felony (see 720 ILCS 646/60(b)(1) (West 2016)) and was punishable by up to 30 months' probation, 2 to 5 years in the Department of Corrections (DOC), 1 year of MSR, and a fine of up to $25,000.

¶ 7        Defendant and the State entered into a negotiated plea agreement, under which defendant would plead guilty to the unlawful possession of methamphetamine charge and the State would dismiss a charge in a different case (People v. Gwartney, No. 17-TR-856 (Cir. Ct. Pike County)).  The parties agreed to a sentence of 24 months' probation, as well as other fines, fees, and conditions.

¶ 8        On June 27, 2017, the circuit court held a plea hearing.  Before accepting

defendant's guilty plea, the court informed defendant that, if he was sentenced to DOC, the range would be two to five years "with a one year period of parole." Defendant indicated he understood the possible penalties. Defendant pleaded guilty under the terms of the plea agreement, and the court accepted defendant's plea and sentenced defendant to 24 months' first-offender probation. The probation order contained numerous conditions, including prohibiting defendant from violating any criminal statute.

¶ 9        In December 2017, the State filed a petition to revoke defendant's probation because he committed the offenses in case No. 17-CM-167. Thereafter, the circuit court held joint proceedings on the petition to revoke and the charges in case No. 17-CM-167.

¶ 10                              B. Case No. 17-CM-167

¶ 11        The December 2017 charges of battery and assault related to defendant's actions on December 3, 2017. The charging document noted the battery charge was a Class A misdemeanor (see 720 ILCS 5/12-3(b) (West 2016)), and the assault charge was a Class C misdemeanor (see 720 ILCS 5/12-1(b) (West 2016)).

¶ 12                              C. Joint Proceedings

¶ 13        The State and defendant entered into another fully negotiated plea agreement, under which defendant would plead guilty to battery in case No. 17-CM-167 and admit the allegation in the State's petition to revoke his probation in case No. 17-CF-36 and the State would dismiss the assault charge in case No. 17-CM-167 and a charge in a different case (People v. Gwartney, No. 17-CF-199 (Cir. Ct. Pike County)). The parties agreed defendant would receive a sentence of 24 months' probation on both remaining charges. On March 6, 2018, the circuit court held the plea hearing. In admonishing defendant, the court stated the following about the sentencing range:

"That is—the unlawful possession of methamphetamine is a Class 3 felony, which means it's probationable up to 30 months, fine up to [$]25,000. If you're sentenced to [DOC], the range would be from two to five years with a one-year period of parole."

Defendant pleaded guilty under the terms of the plea agreement, and the court accepted defendant's plea and resentenced defendant to 24 months' probation for unlawful possession of a methamphetamine and sentenced him to a concurrent term of 24 months' probation for battery. The probation order again contained numerous conditions.

¶ 14        In November 2018, the State filed a petition to revoke both probation terms, alleging defendant (1) failed to report to probation on July 2, 2018; (2) did not maintain employment; (3) failed to provide proof of being engaged in substance-abuse treatment; (4) failed to provide proof of being engaged in mental-health treatment; and (5) failed to provide proof of being engaged in domestic-violence counseling.

¶ 15        At a June 24, 2021, hearing, the parties indicated they were close to reaching a plea agreement. Defense counsel indicated defendant was willing to admit he violated his probation in case Nos. 17-CF-36 and 17-CM-167 and waive his right to a jury trial in a new case (People v. Gwartney, No. 19-CF-169 (Cir. Ct. Pike County)). Defense counsel also noted she anticipated an agreement at sentencing for a three-year prison term for unlawful possession of methamphetamine. Before accepting defendant's admission, the circuit court told defendant that, if he was sentenced to DOC for unlawful possession of methamphetamine, "it would be two to five years with a one year period of parole." The court asked defendant if he understood the possible penalties, and he answered in the affirmative. After hearing a factual basis, the court accepted defendant's admission and set the case for resentencing.

¶ 16      On July 20, 2021, the circuit court held defendant's resentencing hearing. The parties announced they had reached an agreement. The prosecutor explained the State would dismiss case No. 19-CF-169; in case No. 17-CF-36, defendant "would serve three years in [DOC], one year MSR"; and in case No. 17-CM-167, defendant would serve a concurrent term of 300 days in jail. Defendant stated he had enough time to consider the plea agreement and agreed the statement regarding the plea agreement was accurate. The court accepted the plea agreement. The court then resentenced defendant as follows:

> "So the 19-CF-169 case will be dismissed. You'll be sentenced to three years DOC on the 17-CF-36 case; 300 days on the 17-CM-167, Count I, case; credit as I've already outlined. Whatever his balance is will be his balance, minus any un-accrued probation fees, which there may not be any since he's been on probation for a while; day for day offense, one-year period of parole, if I've not already said that."

On the same day as the sentencing hearing, the circuit court filed its written sentencing judgment, which listed an MSR term of one year.

¶ 17      On December 21, 2021, defendant timely filed a motion for leave to file a late notice of appeal in both cases under Illinois Supreme Court Rule 606(c) (eff. Mar. 12, 2021), which this court granted. Accordingly, this court has jurisdiction of defendant's appeal under Illinois Supreme Court Rule 603 (eff. Feb. 6, 2013).

¶ 18                              II. ANALYSIS

¶ 19      Defendant argues the circuit court failed to admonish him of his MSR term before he admitted he violated his probation for unlawful possession of methamphetamine in June 2021. Defendant contends and we agree this issue is not forfeited because violations of Rule 402A are

not subject to forfeiture. See *People v. Curry*, 2019 IL App (3d) 160783, ¶ 22, 127 N.E.3d 1139. The State asserts the circuit court's admonition was proper. A circuit court's compliance with Rule 402A admonition requirements presents a legal question, which we review *de novo*. *People v. Ellis*, 375 Ill. App. 3d 1041, 1046, 874 N.E.2d 980, 983 (2007).

¶ 20    Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003) governs the admissions or stipulations in proceedings to revoke probation. Rule 402A is very similar to Illinois Supreme Court Rule 402 (July 1, 2012), which governs pleas of guilty or stipulations sufficient to convict. *People v. Bassette*, 391 Ill. App. 3d 453, 456, 908 N.E.2d 1062, 1064 (2009). This court has looked to Rule 402 jurisprudence in interpreting the requirements of Rule 402A. See *People v. Dennis*, 354 Ill. App. 3d 491, 495, 820 N.E.2d 1190, 1193 (2004). Illinois Supreme Court Rule 402A(a)(6) (eff. Nov. 1, 2003) requires the circuit court to admonish the defendant of "the sentencing range for the underlying offense for which the defendant is on probation \*\*\*." Likewise, Rule 402(a)(2) (eff. July 1, 2012) provides for the admonishment of "the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences."

¶ 21    In *People v. Whitfield*, 217 Ill. 2d 177, 194-95, 840 N.E.2d 658, 669 (2005), our supreme court held that, prior to accepting a guilty plea, the circuit court must advise the defendant a term of MSR will be added to the sentence to comply with Rule 402(a)(2) and due process. There, the defendant had bargained for a specific sentence, and the circuit court accepted the defendant's guilty plea without advising him an MSR term would be added to the sentence, which resulted in the defendant receiving a sentence more onerous than the sentence for which he bargained, violating due process notions of fundamental fairness. *Whitfield*, 217 Ill. 2d at 201-02, 840 N.E.2d at 673.

¶ 22　　　　　Later, in *People v. Morris*, 236 Ill. 2d 345, 366, 925 N.E.2d 1069, 1082 (2010), the supreme court sought to clarify what information needed to be conveyed to defendants to ensure the MSR admonishments given during a plea hearing comply with the requirements of Rule 402 and due process after *Whitfield*. The *Morris* court stated, "*Whitfield* requires that defendants be advised that a term of MSR will be added to the actual sentence agreed upon in exchange for a guilty plea to the offense charged." *Morris*, 236 Ill. 2d at 367, 925 N.E.2d at 1082. Thus, "[a]n admonition that uses the term 'MSR' without putting it in some relevant context cannot serve to advise the defendant of the consequences of his guilty plea and cannot aid the defendant in making an informed decision about his case." *Morris*, 236 Ill. 2d at 366, 925 N.E.2d at 1082. The supreme court stated ideally the admonishment about MSR should be (1) explicitly linked to the sentence to which the defendant agreed in exchange for his or her negotiated plea, (2) given when reviewing the provisions of the plea agreement, and (3) reiterated both at sentencing and in the written judgment. *Morris*, 236 Ill. 2d at 367-68, 925 N.E.2d at 1082. However, it recognized there was no precise formula in admonishing a defendant of his or her MSR obligation, and the admonition must be read in a practical and realistic way. *Morris*, 236 Ill. 2d at 366, 925 N.E.2d at 1082. The supreme court explained, " '[t]he admonition is sufficient if an ordinary person in the circumstances of the accused would understand it to convey the required warning.' " *Morris*, 236 Ill. 2d at 366, 925 N.E.2d at 1082 (quoting *People v. Williams*, 97 Ill. 2d 252, 269, 454 N.E.2d 220, 228 (1983)).

¶ 23　　　　　More recently, in *People v. Boykins*, 2017 IL 121365, ¶ 21, 93 N.E.3d 504, the supreme court rejected the suggestion *Morris* established a bright-line rule the admonishment must expressly link MSR during the pronouncement of the agreed-upon sentence. There, the circuit court told the defendant the sentence for first degree murder was a prison term ranging

between 20 and 60 years and the maximum period of imprisonment could be life. *Boykins*, 2017 IL 121365, ¶ 17. The court further advised the defendant, " '[u]pon your release from the penitentiary, there is a period of three years mandatory supervised release, sometimes referred to as parole.' " *Boykins*, 2017 IL 121365, ¶ 17. The supreme court found the aforementioned admonition satisfied the defendant's due process rights "[w]hen read in a practical and realistic manner and judged by an objective standard." *Boykins*, 2017 IL 121365, ¶ 18. It explained that, where the defendant "was informed that MSR was a required part of any sentence that would be imposed upon his release from prison, a reasonable person would understand that his negotiated prison sentence would be followed by a term of MSR." *Boykins*, 2017 IL 121365, ¶ 18. In *Boykins*, 2017 IL 121365, ¶ 18, the defendant did not dispute and the record reflected the defendant understood the concept of MSR or parole.

¶ 24        In this case, every time the circuit court admonished defendant about the sentencing range for unlawful possession of methamphetamine, including before it accepted defendant's admission in June 2021 to the petition to revoke probation, the court mentioned a one-year term of parole in explaining the sentencing range. Defendant contends referring to MSR as parole is inadequate because the two present substantially different release regimens for the incarcerated. We disagree. In *Boykins*, 2017 IL 121365, ¶ 18, the court stated, the defendant did not dispute, and the record reflected defendant "understood the concept of MSR or parole." There, the circuit court in its admonishments had stated MSR was sometimes referred to as parole (*Boykins*, 2017 IL 121365, ¶ 3), and the supreme court did not take issue with the circuit court's comment. In both *Morris* and *Whitfield*, the supreme court noted a prior decision that had stated the defendant must be admonished about a period of parole as part of the sentence imposed to ensure the plea is knowing and voluntary. The court simply added language after "parole" that the term was now

called MSR. *Morris*, 236 Ill. 2d at 357, 925 N.E.2d at 1076; *Whitfield*, 217 Ill. 2d at 188, 840 N.E.2d at 665. In the above cases, the supreme court did not distinguish "parole" and "MSR" for the purposes of admonitions. In another admonition case, the reviewing court noted it believed MSR was "analogous to parole which it replaced." *People v. Coultas*, 75 Ill. App. 3d 137, 138, 394 N.E.2d 26, 27 (1979).

¶ 25　　　　Defendant also argues it was not reasonably inferable from the admonitions the one-year term of parole was separate from the prison sentence and would be served afterwards. However, the court always set forth the sentencing range and stated, "with a one year period of parole." The term "with" suggests something additional. Moreover, defendant answered in the affirmative every time the court asked if he understood the possible penalties and does not expressly assert on appeal he did not understand a one-year MSR term would follow his prison sentence. Like *Boykins*, the circuit court's admonishment was sufficient for a reasonable person to understand any prison sentence would be followed by a one-year term of parole. See *Boykins*, 2017 IL 121365, ¶ 18.

¶ 26　　　　Regardless, defendant argues he was denied the benefit of his three-year bargain when the court imposed the one-year MSR term. However, in this case, the sentencing agreement came after defendant admitted the probation violation. With the negotiated sentence, the record shows compliance with all but one of the *Morris* court's directives for addressing MSR in a guilty plea case with a negotiated sentence. Specifically, the record shows the State explicitly linked a one-year MSR term to the agreed-upon sentence when describing the plea agreement, and the court noted a one-year parole term when sentencing defendant and included a one-year MSR term in the written judgment. The court did fail to mention the MSR term when summarizing the provisions of the plea agreement. However, we do not find that omission deprived

defendant the benefit of the bargain in this case, as no specific formula exists.

¶ 27 Accordingly, we find defendant was not denied the benefit of his bargain with the negotiated sentence and thus, his due process rights were not violated and he is not entitled to a sentence reduction.

¶ 28 III. CONCLUSION

¶ 29 For the reasons stated, we affirm the Pike County circuit court's judgment.

¶ 30 Affirmed.