2026 IL App (1st) 242331-U

SIXTH DIVISION

March 6, 2026

No. 1-24-2331

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | No. 11CR2515 |
| | ) | |
| TYRONE MAXWELL, | ) ) | Honorable Charles P. Burns, |
| Defendant-Appellant. | ) ) ) | Judge, presiding. |

_____

PRESIDING JUSTICE C.A. WALKER delivered the judgment of the court.
Justices Pucinski and Gamrath concurred in the judgment.

**ORDER**

*Held:* The circuit court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea where the factual basis established six separate acts of sexual penetration. Defendant also failed to demonstrate ineffective assistance of post plea counsel. We remand to allow post plea counsel the opportunity to comply with Rule 604(d).

¶ 1     In 2011, Tyrone Maxwell was charged by indictment on multiple counts for aggravated criminal sexual assault, aggravated robbery, aggravated kidnapping, criminal sexual assault, and aggravated battery. On July 29, 2013, Maxwell pleaded guilty to six counts of aggravated criminal sexual assault and was sentenced to 40 years' imprisonment.

¶ 2     On August 27, 2013, Maxwell filed a motion to withdraw his guilty plea, alleging his IQ of 70 and first grade reading level prevented him from understanding the Rule 402 admonishments. The circuit court denied the motion, and he filed a timely notice of appeal. Due to an administrative error, Maxwell's appeal was not docketed. More than 10 years later, he filed a *pro se* motion in the Illinois Supreme Court seeking a supervisory order directing the clerk of the circuit court to properly file his notice of appeal or, alternatively, to vacate his conviction and sentence. On December 26, 2024, the Illinois Supreme Court granted Maxwell's motion and directed this Court to allow him to amend his notice of appeal.

¶ 3     On appeal, Maxwell argues his guilty plea for aggravated criminal sexual assault pursuant to count 15 of the indictment, should be reversed because the circuit court accepted the plea without a factual basis to support his conviction. Additionally, he asks this court to remand his case for new post-plea proceedings where counsel failed to comply with Illinois Supreme Court Rule 604(d). For the following reasons, we affirm in part and remand with directions for the court to allow post-plea counsel the opportunity to comply with Rule 604(d).

¶ 4                                    I. BACKGROUND

¶ 5     In 2011, defendant Tyrone Maxwell was charged by indictment with multiple counts of aggravated criminal sexual assault, aggravated robbery, aggravated kidnapping, criminal sexual assault, and aggravated battery. Prior to trial, the circuit court found Maxwell fit to stand trial on January 3, 2013. The court later conducted an Illinois Supreme Court Rule 402 conference. During

the Rule 402 conference, the State proffered Maxwell committed six separate acts of sexual penetration against the victim: (1) he pulled down the victim's pants and penetrated her vagina with his penis; (2) he forced his penis into the victim's mouth; (3) he again penetrated the victim's vagina with his penis; (4) he penetrated the victim's anus with his penis; (5) he used his mouth to lick the victim's vagina; and (6) he forced his penis into the victim's mouth before ejaculating. In exchange for Maxwell's pleas of guilty to six counts of aggravated criminal sexual assault, the State offered a sentence of 40 years' imprisonment. The court characterized the offer as "more than reasonable" and proceeded to a plea hearing.

¶ 6     At the plea hearing, the court advised Maxwell of the six counts of aggravated criminal sexual assault, including two counts alleging separate acts of penis-to-anus contact. Maxwell stated he understood the charges and pleaded guilty. The court admonished him regarding the rights he was waiving, including his right to testify and the State's burden to prove the charges beyond a reasonable doubt, and Maxwell again indicated his understanding. The court determined Maxwell's pleas were voluntary and he understood the charges and potential penalties. The parties relied on the Rule 402 conference for sentencing, and the court sentenced him to 40 years' imprisonment.

¶ 7     On September 25, 2014, Maxwell moved to withdraw his guilty plea, alleging he did not understand the consequences of his plea, his arrest was unconstitutional, and trial counsel was ineffective. Appointed counsel filed a Rule 604(d) certificate stating he consulted with Maxwell to "ascertain his contentions of error in the entry of his guilty plea," and "deemed it unnecessary to amend the petition." At a hearing on the motion, counsel argued Maxwell's plea was not knowing and voluntary because Maxwell did not understand the proceedings and asserted Maxwell had an IQ below 70. The court noted that counsel's claim was not raised in the Rule 604(d)

3

certificate, ordered a retrospective fitness examination, and continued the matter pending the results.

¶ 8    On August 26, 2014, Forensic Clinical Services submitted a report from Dr. Nadkarni addressing Maxwell's retrospective fitness to plead guilty. The court noted that Dr. Nadkarni opined Maxwell was not exhibiting any significant psychiatric or cognitive impairment that would have precluded him from entering a guilty plea and concluded, to a reasonable degree of medical and psychiatric certainty, that Maxwell was fit to plead guilty at that time.

¶ 9    Counsel subsequently filed a second Rule 604(d) certificate stating that, after consulting with Maxwell to "ascertain his contentions of error in the entry of his guilty plea," he "reexamined the *pro se* petition and deemed it necessary to amend." Counsel filed a supplemental motion to vacate the guilty plea, alleging Maxwell had an IQ below 70, read at a first grade level, and lacked the mental capacity to understand the Rule 402 admonishments, rendering his plea unknowing and involuntary. Counsel attached no affidavits or other supporting documentation.

¶ 10    The circuit court denied the motion and Maxwell stated his intention to appeal. The court advised that a notice of appeal would be filed and the Office of the State Appellate Defender (OSAD) would be appointed. More than five years passed without action on the appeal. Maxwell inquired with the Cook County Public Defender's office and was informed he was "way past any appeal process." On August 25, 2020, Maxwell received another letter advising him that OSAD had been appointed to represent him in 2014 but provided no further information. On August 20, 2024, Maxwell filed a motion for supervisory order, explaining that, although he was advised at the hearing that OSAD had been appointed and his appeal initiated, no appointment had occurred and the appeal had not been properly filed. Following that motion, the circuit court clerk

transmitted Maxwell's timely notice of appeal, and OSAD was appointed in November 2024, more than ten years after the notice was filed. This appeal followed.

¶ 11                                    II. JURISDICTION

¶ 12    The circuit court denied Maxwell's motion to vacate his guilty plea on September 25, 2014. Notice of appeal was timely filed on September 25, 2014. An amended notice of appeal was allowed January 2, 2025. Accordingly, this court has jurisdiction pursuant to Article VI, Section 6 of the Illinois Constitution (Ill. Const. 1970, art. VI § 6) and Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024).

¶ 13                                    III. ANALYSIS

¶ 14    On appeal, Maxwell contends the State's factual basis did not support his plea of guilty, where counts 14 and 15 of the indictment alleged he committed aggravated criminal sexual assault based on two separate instances of contact between his penis and the victim's anus while the State's factual basis only described a single instance of penis to anus contact. Specifically, Maxwell argues the circuit court entered a judgment of guilt without any basis in the record from which it could conclude he committed the acts required to constitute the offense. He asks this court to review this error under ineffective assistance of post-plea counsel and reverse his conviction and remand the matter for a new plea hearing.

¶ 15    The State counters that Maxwell's claim is waived where he pleaded guilty and failed to raise the claim in a post-plea motion. Specifically, that Maxwell did not object to the factual basis of his guilty plea at the plea hearing nor did he raise a claim regarding the sufficiency of the factual basis in his motion to withdraw his guilty plea. Even assuming counsel was deficient in its performance for failing to include this issue, no error occurred because the factual basis detailed six separate and distinct acts of sexual penetration.

¶ 16    We review the denial of a motion to withdraw a guilty plea for an abuse of discretion. *People v. Dougherty*, 394 Ill. App. 3d 134, 140 (2009). "An abuse of discretion will be found only where the court's ruling is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the court." *People v. Donoho*, 204 Ill. 2d 159, 182 (2003).

¶ 17    Illinois Supreme Court Rule 402(c) mandates a court "shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea." Ill. S. Ct. R. 402(c) (eff. July 1, 2012). The factual basis for a guilty plea consists of express admissions by the accused, they committed the acts alleged in the charging instrument or a recital of evidence to the court that supports the allegations in the charging instrument. *People v. Vinson*, 287 Ill. App. 3d 819, 821 (5th Dist. 1997). For a court to accept a guilty plea, a factual basis is required, but it need not prove every element beyond a reasonable doubt. *People v. Bassette*, 391 Ill. App. 3d 453, 457 (4th Dist. 2009). To comply with Rule 402(c), there must be a sufficient basis in the record which the court could conclude that defendant committed the acts required to constitute the offense to which he is pleading guilty. *Id*. at 457. Where there is no factual basis to support a plea of guilty, the remedy is for the appellate court to reverse the conviction and remand with directions that defendant be allowed to withdraw his plea. *Vinson*, 287 Ill. App. 3d 819, 821-22 (1997).

¶ 18    Illinois Supreme Court Rule 604(d) states, in relevant part, "upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived." Ill. S. Ct. R. 604(d) (eff. April 15, 2024). Here, in Maxwell's motion to withdraw guilty plea, he claimed he did not understand the ramifications of the guilty plea, his arrest was unconstitutional, and he received ineffective assistance of plea counsel. In his amended motion to withdraw his guilty plea, he claimed the guilty plea was not made knowingly and voluntarily based on his mental capacity to understand the Rule 402

admonishments. Maxwell never raised a claim regarding the sufficiency of the factual basis in his motion to withdraw his guilty plea. Accordingly, because he did not raise the sufficiency of the factual basis in his motion to withdraw the plea, the claim is waived on appeal. *People v. Ratliff*, 2024 IL 129356, ¶¶ 26, 28. Even if we were to overlook waiver and consider the merits, Maxwell's claim fails.

¶ 19    Maxwell further contends he was denied his right to effective assistance of counsel during post plea proceedings where post plea counsel failed to include the claim regarding the sufficiency of the factual basis in his motion to withdraw guilty plea. In response, the State argues post plea counsel was not ineffective because no error or prejudice occurred where the factual basis detailed six separate and distinct acts of sexual penetration.

¶ 20    A criminal defendant has a constitutional right to effective assistance of counsel at all critical stages of criminal proceedings, including when a defendant files a motion to withdraw a guilty plea. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8; *People v. Hughes*, 2012 IL 112817, ¶ 44. To establish ineffective assistance of counsel in the plea process, a defendant must show counsel's performance was deficient and the deficient performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); See also *Hughes*, 2012 IL 112817, ¶ 44. Specifically, a defendant must prove counsel's performance was objectively unreasonable under professional norms and there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*.

¶ 21    Here, the issue before us concerns Maxwell's contention that the State failed to establish he committed a second act of sexual penetration to the victim's anus as described in count 15 of the indictment. A defendant commits aggravated criminal sexual assault when the defendant commits criminal sexual assault and causes bodily harm to the victim. 720 ILCS 5/11-1.30(a)(2) (2010). A

defendant commits criminal sexual assault if the defendant commits an act of sexual penetration and uses force or threat of force. 720 ILCS 5/11-1.20(a)(1) (2010). "Sexual penetration" is defined as:

> any contact, however slight, between the sex organ or anus of one person and an object or the sex organ, mouth, or anus of another person or any intrusion, however slight, of any part of the body of one person or of any animal or object into the sex organ or anus of another person, including but not limited to, cunnilingus, fellatio, or anal penetration. Evidence of emission of semen is not required to prove sexual penetration. 720 ILCS 5/11-0.1 (2010).

¶ 22    A review of the record supports the contention the factual basis presented at Maxwell's Rule 402 conference and guilty plea hearing was sufficient to prove six convictions for aggravated criminal sexual assault. Maxwell does not contend he was misled by the language of the indictment in entering his plea, rather he argues the factual basis failed to establish the specific act of sexual penetration alleged within the indictment. We disagree and find the circuit court did not abuse its discretion in finding the factual basis sufficient, as the specific manner of penetration alleged in the indictment is not an element of aggravated criminal sexual assault. *People v. Carter*, 244 Ill. App. 3d 792, 803-04 (1st Dist. 1993) ("Illinois case law provides that the type of sexual penetration is not an element of the offense, and its inclusion in the indictment is merely surplusage.") See also *People v. Burdine*, 362 Ill. App. 3d 19, 24 (1st Dist. 2005) (no variance where the proof at trial showed defendant committed aggravated battery when he "bit" the victim but the indictment specified that defendant "struck" the victim.)  Accordingly, any variance between the indictment's description and the factual basis is not fatal where the State's proffer established six distinct acts of sexual penetration, which were sufficient to support the six convictions entered upon Maxwell's plea. Because the record demonstrates the circuit court had a sufficient factual basis to accept his plea, Maxwell cannot establish prejudice. *Id*.

¶ 23    Finally, Maxwell contends that post plea counsel failed to either facially or actually comply with Illinois Supreme Court Rule 604(d) and the State concedes this issue. Accordingly, remand is necessary to allow post plea counsel the opportunity to comply with Rule 604(d). *People v. Evans*, 2017 IL App (3d) 160019, ¶ 20.

¶ 24                                    IV. CONCLUSION

¶ 25    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County in part and remand the cause for strict compliance with Illinois Supreme Court Rule 604(d).

¶ 26    Affirmed in part and remanded with directions.